**LIVENGOOD et al., Appellants,**

v.

**ABS CONTRACTORS SUPPLY, Appellee; Dynapac et al.**

[Cite as *Livengood v. ABS Contractors Supply* (1998), 126 Ohio App.3d 464.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970075.

Decided Feb. 27, 1998.

*Arthur B. Casper,* for appellants.

*Michael S. Barron,* for appellee.

———————

*Per Curiam.*

Plaintiffs-appellants, Jack Livengood, Patricia Livengood, and Daryl Jay Livengood, appeal from the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, ABS Contractors Supply ("ABS"), on appellants' product-liability claim.[1]  We affirm the judgment of the lower court.

## I. BACKGROUND

On January 20, 1993, appellant Jack Livengood was injured while working for B & J Plumbing Corporation on a project in Warren County, Ohio, that called for installing sewer piping in a twenty-foot-deep trench.  Appellant's job was to smooth the dirt that was being excavated from the trench by a front-loader.  To accomplish this task, Livengood was operating a piece of heavy equipment called a vibratory compactor.  The compactor had a seat, a steering wheel, and pedals that allowed it to be maneuvered somewhat like a car.  The compactor had no seat belt or other equipment around or over the operator.

At one point during the job, Livengood had to back the compactor up an incline to avoid being struck by the front-loader.  The compactor became unbalanced, tipped over, and rolled onto its side, pinning Livengood underneath.  Livengood sustained serious injuries as a result of the accident.

ABS had supplied B & J Plumbing with the compactor, which had a purchase price of $32,800.  The compactor as supplied was not equipped with a rollover protection system ("ROPS") or a seat belt, but those items were available from the manufacturer for an additional $2,300.  ABS never informed B & J Plumbing of the availability or advisability of a ROPS, and the record contains no evidence as to whether B & J Plumbing had any awareness of the availability of a ROPS or whether, if it had known, it would have purchased a ROPS.

The operation manual for this compactor, as well as a label affixed to its body, recommended a ROPS in "questionable stability" conditions.  Livengood testified

———————

1. Appellants' claims against the other party defendants, Dynapac, Svedala Industries of Canada, Inc., Dynapac Limited, Dynapac Light Equipment, Inc., Dynapac East, Dynapac West, Dynapac South, Dynapac North Central, and Dynapac South Central, have been dismissed.

that he did not recall reading the warnings on the label. Livengood also testified that the ramp onto which he backed was not stable.

Livengood was experienced at operating heavy construction machinery, including compactors such as the one that caused his injuries, and he acknowledged that all of the construction machinery that he had operated had been equipped with a ROPS. He further acknowledged that, prior to using the compactor supplied by ABS, he realized that it did not have a ROPS and thought that it should have one. He mentioned this concern to one of his co-workers, but he did not raise the issue with his superiors because he feared that he might lose his job.

## DISCUSSION

Livengood's cause of action against ABS is based on R.C. 2307.78(A)(1), which states in part:

"(A) [A] supplier is subject to liability for compensatory damages based on a product liability claim only if the claimant establishes, by a preponderance of the evidence, that either of the following applies:

"(1) The supplier was negligent, and the negligence was a proximate cause of harm for which the claimant seeks to recover compensatory damages."

Livengood claims that ABS was negligent in failing to warn him or his employer of the availability and/or need for a ROPS. The lower court held that any danger to Livengood from the absence of a ROPS was open and obvious, and that, therefore, ABS had no duty to warn of the danger. As we observed above, the lower court granted summary judgment in favor of ABS.

To succeed on a claim that ABS was negligent in failing to warn Livengood of the danger of the compactor, Livengood must first establish that ABS had a duty to warn. See *Freas v. Prater Constr. Co.*[2]; *Taylor v. Yale & Towne Mfg. Co.*[3] If the dangerous nature of a product is open and obvious to the user, no duty exists to warn of the danger. *Hanlon v. Lane*[4]; *Koepke v. Crosman Arms Co.*[5]; *Gawloski v. Miller Brewing Co.*[6] In this case, no genuine

2. *Freas v. Prater Constr. Co.* (1991), 60 Ohio St.3d 6, 8–9, 573 N.E.2d 27, 30.

3. *Taylor v. Yale & Towne Mfg. Co.* (1987), 36 Ohio App.3d 62, 65, 520 N.E.2d 1375, 1378.

4. *Hanlon v. Lane* (1994), 98 Ohio App.3d 148, 152–153, 648 N.E.2d 26, 29, jurisdictional motion overruled (1995), 71 Ohio St.3d 1491, 646 N.E.2d 467.

5. *Koepke v. Crosman Arms Co.* (1989), 65 Ohio App.3d 1, 3, 582 N.E.2d 1000, 1001, jurisdictional motion overruled (1990), 49 Ohio St.3d 705, 551 N.E.2d 617.

6. *Gawloski v. Miller Brewing Co.* (1994), 96 Ohio App.3d 160, 163, 644 N.E.2d 731, 733, jurisdictional motion overruled (1994), 71 Ohio St.3d 1411, 641 N.E.2d 1110.

issue of material fact exists as to whether the dangerous nature of the compactor due to the lack of a ROPS was open and obvious to Livengood. Livengood admitted that he knew that the machine had no ROPS, that every other piece of construction equipment that he had operated had had one, and that the lack of a ROPS "concerned" him. His testimony demonstrates that the dangers of operating a machine without a ROPS were open and obvious to Livengood. ABS therefore had no duty to warn Livengood of the danger.

Livengood cites *Cremeans v. Willmar Henderson Mfg. Co.*[7] in support of his argument that genuine issues of material fact exist regarding ABS's duty to warn. Livengood claims that the decision of the court in *Cremeans* precludes application of the "open and obvious" doctrine to a product-liability case arising in an employment setting.

*Cremeans* does not stand for the proposition advanced by appellants, and is, in fact, inapplicable to the claim at issue here. In *Cremeans,* the plaintiff alleged that the manufacturer of a loader was strictly liable for negligent design under the product-liability statute. The decision does not mention any claim based on a duty to warn and breach of that duty. The only issue before the court in *Cremeans* was whether the employee's admitted knowledge of the danger of the machine constituted assumption of the risk, an affirmative defense to a product-liability claim, relieving the manufacturer of the product of liability for a defective design.

The *Cremeans* court held that assumption of the risk, which focuses on the voluntariness of the injured plaintiff's conduct, is not available when an employee sustains a workplace injury in the course of his employment, because the employee has a paramount concern for retention of the employment and less control over the equipment he uses. *Cremeans* did not, however, change the elements of a claim for negligent failure to warn. When the liability of the defendant is based on a failure to warn, the inquiry into whether a duty to warn exists necessarily involves examining the open and obvious nature of the danger, which focuses on the nature of the defect claimed by the plaintiff. See *Hanlon, supra; Koepke, supra.*

If the danger is open and obvious, no duty to warn exists, and the issue of whether the plaintiff voluntarily assumed the risk of injury is never reached. There is simply no duty to warn of an open and obvious danger. Livengood cites no case other than *Cremeans* in support of his claim that issues of fact exist regarding the open and obvious nature of the danger posed by the compactor.

---

7. *Cremeans v. Willmar Henderson Mfg. Co.* (1991), 57 Ohio St.3d 145, 566 N.E.2d 1203.

The trial court did not err in holding that Livengood failed to establish a duty on ABS's part to warn of any danger associated with the compactor, when the danger was open and obvious to Livengood, and when the open and obvious nature of the danger negated the existence of a duty to warn. *Cremeans, supra,* addressing assumption of the risk, is inapposite in this case, which is predicated on the failure of a supplier to warn of a danger. We therefore overrule the first and second assignments of error. The third assignment of error, addressing the adequacy of the warning label on the compactor, is moot, since no duty to warn existed.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., SUNDERMANN and MARIANNA BROWN BETTMAN, JJ., concur.