**BREN–TEX TRACTOR CO., INC. and Brentex Farm and Ranch Service, Appellants,**

v.

**MASSEY–FERGUSON, INC., Massey–Ferguson (Delaware), Inc., Massey–Ferguson Corp., Varity Assets Corporation, Varity Corporation, and AGCO Corporation, Appellees.**

No. 14–99–01336–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 12, 2002.

Rehearing Overruled Jan. 23, 2003.

Andrew T. McKinney IV, Kim A. Cooper, Houston, for Appellants.

James C. Marrow, Matthew T. McCracken, Steve Gonzalez, Houston, for Appellees.

Panel consists of Justices EDELMAN, FROST, and MURPHY.*

\* Senior Chief Justice Paul C. Murphy sitting by assignment.

## MAJORITY OPINION

RICHARD H. EDELMAN, Justice.

In this statutory indemnity case, Bren–Tex Tractor Co., Inc. and BrenTex Farm and Ranch Service (collectively, "Bren–Tex") appeal a take-nothing judgment in favor of Massey–Ferguson, Inc., Massey–Ferguson (Delaware), Inc., Massey–Ferguson Corp., Varity Assets Corporation, Varity Corporation, and AGCO Corporation (collectively, "Massey") on the grounds that: (1) the trial court erred by denying Bren–Tex's cross-claim for indemnity because (a) there is no evidence that Bren–Tex was independently liable for the underlying claims; and (b) the release and take-nothing judgment entered on the underlying claims establish Bren–Tex's right to indemnity as a matter of law; and (2) Bren–Tex is entitled to prejudgment interest on its claim for indemnity. We reverse, render in part, and remand in part.

### Background

In 1993, Michael Hensen ("Michael") died from injuries he sustained while operating a tractor (the "tractor") that had been manufactured in 1976 by Massey, purchased used and refurbished by Bren–Tex, and then purchased in 1985 by Michael or his family (the "Hensens"). Following Michael's death, the Hensens sued Bren–Tex and Massey, asserting claims for strict liability, negligence, breach of implied warranties, and violations of the Deceptive Trade Practices–Consumer Protection Act (the "DTPA"). According to their petition, Michael was killed when the tractor, which was sold without a roll bar, rolled over.

Bren–Tex filed a cross-claim against Massey, seeking indemnity for the costs it incurred in defending the Hensens' lawsuit. Before trial, Massey settled with the

Hensens, the Hensens released all defendants, including Bren–Tex, and the trial court entered an agreed take-nothing judgment against the Hensens' claims, including those against Bren–Tex. A bench trial was thereafter held on Bren–Tex's indemnity claim against Massey, and the trial court entered a take-nothing judgment against Bren–Tex and findings of fact and conclusions of law (the "findings and conclusions").[1]

## Indemnity

■■■■ Bren–Tex's indemnity claim is asserted under section 82.002 of the Texas Civil Practice and Remedies Code ("CPRC"), which states:

> A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, *except for any loss caused by the seller's negligence,* intentional misconduct, *or other act or omission,* such as negligently modifying or altering the product, *for which the seller is independently liable.*

Tex. Civ. Prac. & Rem.Code Ann. § 82.002(a) (Vernon 1997) (emphasis added). This section requires a manufacturer to indemnify an "innocent" seller [2] for certain damages and litigation expenses arising out of a products liability action,[3] but requires (non-innocent) sellers to bear the damages and expenses for losses they cause. *Meritor Auto., Inc. v. Ruan Leasing Co.,* 44 S.W.3d 86, 88 (Tex.2001). The exception to this statutory indemnity obligation (italicized above) is established only by a finding that the seller's independent conduct was a cause of the plaintiff's injury. *Id.*[4]

In this case, the trial court's findings and conclusions state that Massey was not liable to Bren–Tex for indemnity under section 82.002 because the evidence showed that any loss suffered by Bren–Tex was caused by negligence, intentional misconduct, or other acts or omissions for which Bren–Tex would be independently liable.[5] The only finding or conclusion that indicates the nature of the conduct for which the trial court determined that Bren–Tex would be independently liable is finding number 5, which states that a reseller such as Bren–Tex should advise a purchaser of a used tractor without a rollover protection system ("ROPS") of the availability and purpose of such a system.

■■■ Among other things, Bren–Tex's first and second issues challenge the denial

---

1. Although the trial court ruled that Bren–Tex was not entitled to indemnity, it made fact findings of the costs Bren–Tex had incurred in defending the Hensens' lawsuit and would incur to appeal the trial court's take-nothing judgment on its indemnity claims against Massey.

2. For purposes of this opinion, the term, "seller" will refer to a non-manufacturing seller, *i.e.,* a distributor, supplier, or retailer of goods manufactured by another.

3. For this purpose, "products liability action" means any action against a manufacturer or seller for personal injury, death, or property damage allegedly caused by a defective product based on strict liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories. Tex. Civ. Prac. & Rem.Code Ann. § 82.001(2) (Vernon 1997).

4. Thus, a plaintiff's pleadings and joinder of a seller as a defendant are sufficient to invoke the manufacturer's duty to indemnify the seller but are not sufficient to invoke the exception to that duty, which requires an actual finding that the seller's independent conduct was a cause of the plaintiff's injury. *Meritor,* 44 S.W.3d at 91.

5. Because it is not challenged in this case, we do not address whether the trial court's findings and conclusions, that any loss suffered *by Bren–Tex* was caused by acts for which Bren–Tex *would be* independently liable, satisfied the requirement of *Meritor* for a finding that the seller's independent conduct *was* a cause of the *plaintiff's* injury.

of its cross-claim for indemnity on the ground that there is no evidence [6] of conduct for which it would be independently liable for Michael's death. Massey asserts that the evidence showed Bren–Tex would be independently liable to the Hensens on negligence, implied warranty, and DTPA claims for failing to inform the Hensens of the benefits, importance, and availability of an optional ROPS system that could be purchased for the tractor.[7] Bren–Tex contends that, as a seller, it had only a duty to warn customers of known dangers, and the evidence in this case failed to prove that it knew of any defect in the tractor or that any existed due to the absence of a ROPS.

 A seller can be independently liable for injury resulting from his negligent failure to inform buyers of the dangerous nature of a product that he sells them if he knows or has reason to know of the danger. *See* RESTATEMENT (SECOND) OF TORTS § 401 (1965); *Jaimes v. Fiesta Mart, Inc.,* 21 S.W.3d 301, 305 (Tex.App.-Houston [1st Dist.] 1999, pet. denied.).[8] Similarly, a seller can be liable under the DTPA for failure to disclose information concerning goods, which he knew at the time of the transaction, if the failure was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. *See* TEX. BUS. & COM.CODE ANN. § 17.46(b)(23) (Vernon 2002).[9]

In this case, there is no evidence that Bren–Tex discussed a ROPS with the Hensens when it sold them the tractor. Moreover, the evidence is undisputed that by the time the Hensens bought the tractor, ROPSs had become standard on new Massey tractors and in the tractor industry and that Bren–Tex was aware that people had been killed in tractor rollovers.

However, the absence of a ROPS would not render the tractor defective or other-

---

6. In conducting a no-evidence, or legal sufficiency, review, we view the evidence in the light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *Lee Lewis Constr., Inc. v. Harrison,* 70 S.W.3d 778, 782 (Tex. 2001). If the evidence at least furnishes a basis for reasonable minds to differ about the existence of the disputed fact, then more than a scintilla of evidence exists, and the evidence is legally sufficient. *Id.* at 782–83.

7. Although the trial court's findings track the broad language of section 82.002(a), Massey does not assert, and there is no evidence to support, any other basis for independent liability by Bren–Tex.

8. Although the Hensens asserted claims for breach of implied warranty, there is no evidence that Bren–Tex had reason to know of any particular purpose for which the tractor was acquired (*i.e.,* beyond the ordinary purposes for which such tractors are used) or that the Hensens were relying on Bren–Tex's skill or judgment to select suitable goods, so as to support liability under the implied warranty of fitness for a particular purpose. *See*

TEX. BUS. & COM.CODE ANN. § 2.315 (Vernon 1994). In addition, the implied warranty of merchantability does not apply in Texas to used goods which are purchased, as in this case, with knowledge that they are used. *See Southerland v. Northeast Datsun, Inc.,* 659 S.W.2d 889, 891 (Tex.App.-El Paso 1983, no writ); *Thornton Homes, Inc. v. Greiner,* 619 S.W.2d 8, 9 (Tex.Civ.App.-Eastland 1981, no writ); *Cheney v. Parks,* 605 S.W.2d 640, 642 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Valley Datsun v. Martinez,* 578 S.W.2d 485, 489 (Tex.Civ.App.-Corpus Christi 1979, no writ); *Chaq Oil Co. v. Gardner Mach. Corp.,* 500 S.W.2d 877, 878 (Tex.Civ.App.-Houston [14th Dist.] 1973, no writ). Moreover, to the extent Massey contends that Bren–Tex would also be independently liable for failing, while refurbishing the tractor, to install a ROPS, any such liability would also require knowledge by Bren–Tex that the lack of a ROPS rendered the tractor defective or dangerous.

9. Statutory indemnity is similarly provided under the DTPA. *See* TEX. BUS. & COM.CODE ANN. § 17.555 (Vernon 1987); *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996).

wise impose a duty on Bren–Tex to warn the Hensens about it unless: (1) the average user of a tractor would not recognize the risk of harm from operating one without a ROPS; [10] or (2) Bren–Tex had reason to know that someone was likely to operate the tractor either without understanding that risk or otherwise lacking the competence to operate the tractor safely without one.[11]

■ There is no evidence in this case that the average user of a tractor would not recognize the risk of harm from operating one without a ROPS or that Bren–Tex had reason to know that someone was likely to operate the tractor without understanding that risk or otherwise lacking the competence to operate the tractor safely without one.[12] Nor is there any evidence that this particular model of tractor presented any increased risk of turnover. Therefore, there is no evidence to support

a duty by Bren–Tex to warn the Hensens of the risk of injury from a turnover on the tractor without a ROPS.

■ However, the fact that a potential danger associated with a product is obvious to the average user is not probative of whether such a user also knows of the availability of devices to lessen the likelihood of a mishap or the severity of a resulting injury. Massey has cited no authority imposing a general duty on sellers to advise buyers of such safety enhancements with regard to obvious dangers, and the only authority we have found suggests a lack of any such duty.[13] Obviously, a duty on sellers, particularly of used products, to advise buyers of any available safety enhancements and the importance of adding them to mitigate obvious dangers could amount to a significant burden. Moreover, if such a duty does not already

---

**10.** *See Caterpillar, Inc. v. Shears,* 911 S.W.2d 379, 382–83 (Tex.1995) (stating that products liability law does not require a seller to warn of obvious risks and that the relevant inquiry is not whether the average person would know that a ROPS makes a front-end loader safer, but instead whether an average person would recognize that operating an industrial vehicle with open sides and top presents a risk of serious harm to the operator); *Sauder Custom Fabrication, Inc. v. Boyd,* 967 S.W.2d 349, 350–51 (Tex.1998) (holding that the determination of whether a product's dangers are obvious is made from the perspective of an ordinary user of the product rather than an ordinary person who is unfamiliar with the product).

**11.** *See* RESTATEMENT (SECOND) OF TORTS § 401 cmt. k.

**12.** A report prepared by the Hensens' expert witness was admitted into evidence by Massey and stated that Bren–Tex should have: (1) known of the severe injury potential of tractor rollovers; (2) known that a ROPS would have reduced such risk; and (3) explained the consequences of not installing a ROPS when it sold the tractor. However, this report did not address whether the average user of a tractor

would recognize the risk of harm from operating one without a ROPS or whether Bren–Tex had reason to know that someone was likely to operate the tractor without understanding that risk or otherwise lacking the competence to operate the tractor safely without one. Moreover, when Bren–Tex objected to the admission of this exhibit as hearsay and lacking testimony to authenticate it, it was expressly offered and admitted into evidence merely as evidence "of the case that was being built against Bren–Tex," and not for the truth of the matters asserted.

**13.** *See Nichols v. Westfield Indus., Ltd.,* 380 N.W.2d 392, 401 (Iowa 1985) (holding that section 388 of the Restatement "does not require the supplier to give information concerning available means for amelioration of obvious dangers, even though [the supplier] is aware of those means and the party to whom the chattel is supplied is not."); *Ky. Utils. Co. v. Auto Crane Co.,* 674 S.W.2d 15, 18 (Ky.Ct. App.1983) (stating, "We know of no reason to obligate a seller to vigorously promote every optional safety device which might be available.").

exist, the record in this case [14] and briefing provided by the parties afford a wholly inadequate basis for determining whether any such duty should be created, and the creation of a new tort duty would be beyond the province of an intermediate appellate court in any event. Therefore, finding no evidence of a defect or danger known to Bren–Tex that subjected it to a duty to warn the Hensens concerning the absence of a ROPS, we sustain Bren–Tex's "no evidence" challenge to the trial court's finding that Bren–Tex would be independently liable, and we need not address the remaining challenges to its liability in the first three issues.

### Prejudgment Interest

■ Bren–Tex's fourth issue contends that it is entitled to an award of prejudgment interest on its recovery for indemnity. However, because the trial court has not ruled on the availability of such prejudgment interest, we have no ruling to review on that issue. Therefore, Bren–Tex's fourth issue is overruled.

Accordingly, we: (1) reverse the judgment of the trial court; (2) render judgment that Bren–Tex is entitled to indemnity from Massey under section 82.002 of the CPRC for its costs to defend the Hensens' lawsuit, as determined in the trial court's findings of fact numbers 10 and 11; [15] and (3) remand the case for entry of judgment awarding those costs and any other relief which the trial court determines Bren–Tex to be entitled.

KEM THOMPSON FROST, Justice, concurs.

KEM THOMPSON FROST, Justice, concurring.

This court correctly reverses the trial court's judgment because there was no evidence of independently actionable conduct by Bren–Tex that caused Michael Hensen's death. There was no evidence to support independent liability in this regard as to the alleged DTPA and implied-warranty claims. The majority opinion also correctly holds that there was no evidence of facts that would impose a negligence duty on Bren–Tex to warn the Hensens of dangers concerning the used tractor's lack of a ROPS or to inform the Hensens of the benefits, importance, and availability of a ROPS for this tractor.

This alleged negligence duty arguably might be based on section 388 or section 401 of the *Restatement (Second) of Torts. See* RESTATEMENT (SECOND) OF TORTS §§ 388, 401 (1966). Whether based on one of these sections or some other source, there was no evidence Bren–Tex owed such a negligence duty in this case because Massey presented no evidence the average user of a tractor would not recognize the dangers of using a tractor without a ROPS or the benefits and availability of a ROPS. *See Sauder Custom Fabrication, Inc. v. Boyd,* 967 S.W.2d 349, 349–51 (Tex.1998) (holding there is no duty to warn of risks obvious to the average user of the product); *Caterpillar, Inc. v. Shears,* 911 S.W.2d 379, 381–83 (Tex.1995) (holding that seller of front-end loader had no duty to warn injured worker concerning the dangers of operating the loader without a

---

**14.** Bren–Tex was not a Massey dealer and there is no evidence of what, if any, knowledge Bren–Tex had about the availability of a ROPS for this particular tractor other than the information set forth in the owner's manual that Bren–Tex provided the Hensens with the tractor.

**15.** Because it is not before us, we express no opinion on whether Bren–Tex may recover the attorney's fees or costs it incurred for the trial or appeal of its indemnity claim, as contrasted from its defense of the Hensens' lawsuit.

ROPS because the dangers were obvious under an objective standard); *Winn ex rel. Winn v. Pollard,* 62 S.W.3d 611, 616–18 (Mo.Ct.App.2001) (holding, under section 388 of the RESTATEMENT (SECOND) OF TORTS, defendants had no duty to warn injured tractor driver that tractor lacked a ROPS because this was an open and obvious danger); *Livengood v. ABS Contractors Supply,* 126 Ohio App.3d 464, 710 N.E.2d 770, 771–73 (1998) (holding supplier of compactor had no duty to warn worker or his employer of the availability and/or need for a ROPS for the compactor because this was an open and obvious danger); RESTATEMENT (SECOND) OF TORTS § 388 (requiring supplier of chattel to have "no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition" before supplier has a duty to warn); RESTATEMENT (SECOND) OF TORTS § 401 cmt. k (stating that seller has no duty to warn of dangers in chattel sold where seller reasonably believes the buyer and other users of the chattel will realize the danger in question).

The subjective knowledge of the personal-injury plaintiff is not determinative; rather, the issue is whether, under an objective standard, the risk in question is obvious to the average user of that product. *See Caterpillar, Inc.,* 911 S.W.2d at 381–83; *see also Sauder Custom Fabrication, Inc.,* 967 S.W.2d at 349–51. The Texas Supreme Court has held that the risks associated with the lack of a ROPS on a front-end loader were objectively open and obvious so that there was no duty to warn. *See Caterpillar, Inc.,* 911 S.W.2d at 381–83. The Texas Supreme Court also has stated that, "In general, a product seller is not subject to liability for failing to warn or instruct regarding risks and risk avoidance measures that should be obvious to, or generally known by, foreseeable product users." *Sauder Custom Fabrication, Inc.,* 967 S.W.2d at 351 (quot-

ing RESTATEMENT (THIRD) OF TORTS: PROD. LIAB. § 2, cmt. j (1997)).

Accordingly, this court correctly holds that there was no evidence to support a duty by Bren–Tex to warn the Hensens about either: (1) the dangers concerning the lack of a ROPS; or (2) the importance and availability of a ROPS. *See Sauder Custom Fabrication, Inc.,* 967 S.W.2d at 349–51; *Caterpillar, Inc.,* 911 S.W.2d at 381–83; *Winn ex rel. Winn,* 62 S.W.3d at 616–18; *Livengood,* 710 N.E.2d at 771–73; RESTATEMENT (SECOND) OF TORTS §§ 388, 401.