Reversed and Rendered in Part and Remanded in Part, and Majority and
Concurring Opinions filed September 12, 2002









Reversed and Rendered in Part and
Remanded in Part, and Majority
and Concurring Opinions filed September 12, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-99-01336-CV

____________

 

BREN-TEX TRACTOR CO., INC. and

BRENTEX FARM AND
RANCH SERVICE, Appellants

 

V.

 

MASSEY-FERGUSON, INC.,
MASSEY-FERGUSON (DELAWARE), INC., MASSEY-FERGUSON CORP., VARITY ASSETS
CORPORATION,

VARITY CORPORATION,
and AGCO CORPORATION, Appellees

 



 

On
Appeal from the 335th District Court

Washington County, Texas

Trial
Court Cause No. 31,473

 



 

                                              M A J O R I T Y  
O P I N I O N

 








In
this statutory indemnity case, Bren-Tex Tractor Co.,
Inc. and BrenTex Farm and Ranch Service
(collectively, ABren-Tex@) appeal a take-nothing judgment in
favor of Massey-Ferguson, Inc., Massey-Ferguson (Delaware), Inc.,
Massey-Ferguson Corp., Varity Assets Corporation, Varity Corporation, and AGCO
Corporation (collectively, AMassey@) on the grounds that: (1) the trial court erred by denying Bren-Tex=s cross-claim for indemnity because (a) there is no evidence
that Bren-Tex was independently liable for the
underlying claims; and (b) the release and take-nothing judgment entered on the
underlying claims establish Bren-Tex=s right to indemnity as a matter of
law; and (2) Bren-Tex is entitled to prejudgment
interest on its claim for indemnity.  We
reverse, render in part, and remand in part.

                                                                   Background

In
1993, Michael Hensen (AMichael@) died from injuries he sustained
while operating a tractor (the Atractor@) that had been manufactured in 1976 by Massey, purchased used
and refurbished by Bren-Tex, and then purchased in
1985 by Michael or his family (the AHensens@). 
Following Michael=s death, the Hensens sued Bren-Tex and Massey, asserting claims for strict liability,
negligence, breach of implied warranties, and violations of the Deceptive Trade
Practices-Consumer Protection Act (the ADTPA@). 
According to their petition, Michael was killed when the tractor, which
was sold without a roll bar, rolled over.

Bren-Tex filed a cross-claim against Massey, seeking indemnity for the costs
it incurred in defending the Hensens= lawsuit.  Before trial, Massey settled with the Hensens, the Hensens released all
defendants, including Bren-Tex, and the trial court
entered an agreed take-nothing judgment against the Hensens= claims, including those against Bren-Tex.  A bench
trial was thereafter held on Bren-Tex=s indemnity claim against Massey, and
the trial court entered a take-nothing judgment against Bren-Tex
and findings of fact and conclusions of law (the Afindings and conclusions@).[1]

                                                                     Indemnity

Bren-Tex=s indemnity claim is asserted under
section 82.002 of the Texas Civil Practice and Remedies Code (ACPRC@), which states:








A
manufacturer shall indemnify and hold harmless a seller against loss arising
out of a products liability action, except for any loss caused by the seller=s negligence, intentional misconduct, or other
act or omission, such as negligently modifying or altering the product,
for which the seller is independently liable.

Tex. Civ. Prac.
& Rem. Code Ann. ' 82.002(a) (Vernon 1997) (emphasis added).  This section requires a manufacturer to
indemnify an Ainnocent@ seller[2]
for certain damages and litigation expenses arising out of a products liability
action,[3]
but requires (non-innocent) sellers to bear the damages and expenses for losses
they cause.  Meritor Auto., Inc. v. Ruan Leasing Co., 44 S.W.3d 86, 88 (Tex. 2001).  The exception to this statutory indemnity
obligation (italicized above) is established only by a finding that the seller=s independent conduct was a cause of
the plaintiff=s injury.  Id.[4]

In
this case, the trial court=s findings and conclusions state that Massey was not liable
to Bren-Tex for indemnity under section 82.002
because the evidence showed that any loss suffered by Bren-Tex
was caused by negligence, intentional misconduct, or other acts or omissions
for which Bren-Tex would be independently liable.[5]  The only finding or conclusion that indicates
the nature of the conduct for which the trial court determined that Bren-Tex would be independently liable is finding number 5,
which states that a reseller such as Bren-Tex should
advise a purchaser of a used tractor without a rollover protection system (AROPS@) of the availability and purpose of
such a system.








Among
other things, Bren-Tex=s first and second issues challenge
the denial of its cross-claim for indemnity on the ground that there is no
evidence[6]
of conduct for which it would be independently liable for Michael=s death.  Massey asserts that the evidence showed Bren-Tex would be independently liable to the Hensens on negligence, implied warranty, and DTPA claims
for failing to inform the Hensens of the benefits,
importance, and availability of an optional ROPS system that could be purchased
for the tractor.[7]  Bren-Tex contends
that, as a seller, it had only a duty to warn customers of known dangers, and
the evidence in this case failed to prove that it knew of any defect in the
tractor or that any existed due to the absence of a ROPS.








A
seller can be independently liable for injury resulting from his negligent
failure to inform buyers of the dangerous nature of a product that he sells
them if he knows or has reason to know of the danger.  See Restatement
(Second) of Torts ' 401 (1965); Jaimes v.
Fiesta Mart, Inc., 21 S.W.3d 301, 305 (Tex. App.CHouston [1st Dist.] 1999, pet.
denied.).[8]  Similarly, a seller can be liable under the
DTPA for failure to disclose information concerning goods, which he knew at the
time of the transaction, if the failure was intended to induce the consumer
into a transaction into which the consumer would not have entered had the
information been disclosed.  See Tex. Bus. & Com. Code Ann. ' 17.46(b)(23)
(Vernon 2002).[9]

In
this case, there is no evidence that Bren-Tex discussed
a ROPS with the Hensens when it sold them the
tractor.  Moreover, the evidence is
undisputed that by the time the Hensens bought the
tractor, ROPSs had become standard on new Massey
tractors and in the tractor industry and that Bren-Tex
was aware that people had been killed in tractor rollovers. 

However,
the absence of a ROPS would not render the tractor defective or otherwise
impose a duty on Bren-Tex to warn the Hensens about it unless: (1) the average user of a tractor
would not recognize the risk of harm from operating one without a ROPS;[10]
or (2) Bren-Tex had reason to know that someone was
likely to operate the tractor either without understanding that risk or
otherwise lacking the competence to operate the tractor safely without one.[11]








There
is no evidence in this case that the average user of a tractor would not
recognize the risk of harm from operating one without a ROPS or that Bren-Tex had reason to know that someone was likely to
operate the tractor without understanding that risk or otherwise lacking the
competence to operate the tractor safely without one.[12]  Nor is there any evidence that this
particular model of tractor presented any increased risk of turnover.  Therefore, there is no evidence to support a
duty by Bren-Tex to warn the Hensens
of the risk of injury from a turnover on the tractor without a ROPS.








However,
the fact that a potential danger associated with a product is obvious to the
average user is not probative of whether such a user also knows of the
availability of devices to lessen the likelihood of a mishap or the severity of
a resulting injury.  Massey has cited no
authority imposing a general duty on sellers to advise buyers of such safety
enhancements with regard to obvious dangers, and the only authority we have
found suggests a lack of any such duty.[13]  Obviously, a duty on sellers, particularly of
used products, to advise buyers of any available safety enhancements and the
importance of adding them to mitigate obvious dangers could amount to a
significant burden.  Moreover, if such a
duty does not already exist, the record in this case[14]
and briefing provided by the parties afford a wholly inadequate basis for
determining whether any such duty should be created, and the creation of a new
tort duty would be beyond the province of an intermediate appellate court in
any event.  Therefore, finding no
evidence of a defect or danger known to Bren-Tex that
subjected it to a duty to warn the Hensens concerning
the absence of a ROPS, we sustain Bren-Tex=s Ano evidence@ challenge to the trial court=s finding that Bren-Tex
would be independently liable, and we need not address the remaining challenges
to its liability in the first three issues.

                                                          Prejudgment
Interest

Bren-Tex=s fourth issue contends that it is
entitled to an award of prejudgment interest on its recovery for
indemnity.  However, because the trial
court has not ruled on the availability of such prejudgment interest, we have
no ruling to review on that issue.  Therefore,
Bren-Tex=s fourth issue is overruled.

Accordingly,
we: (1) reverse the judgment of the trial court; (2) render judgment that  Bren-Tex
is entitled to indemnity from Massey under section 82.002 of the CPRC for its
costs to defend the Hensens= lawsuit, as determined in the trial
court=s findings of fact numbers 10 and 11;[15]
and (3) remand the case for entry of judgment awarding those costs and any
other relief which the trial court determines Bren-Tex
to be entitled.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed September 12, 2002.

Panel consists of
Justices Edelman, Frost, and Murphy.[16]

Publish C Tex. R. App. P. 47.3(b).








Reversed and Rendered in Part and Remanded in Part,
and Majority and Concurring Opinions filed September 12, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-99-01336-CV

____________

 

BREN-TEX TRACTOR CO., INC. and

BRENTEX FARM AND RANCH SERVICE, Appellants

 

V.

 

MASSEY-FERGUSON, INC., MASSEY-FERGUSON (DELAWARE),
INC., MASSEY-FERGUSON CORP., VARITY ASSETS CORPORATION,

VARITY CORPORATION, and AGCO CORPORATION, Appellees

 



 

On
Appeal from the 335th District Court

Washington
County, Texas

Trial
Court Cause No. 31,473

 



 

                                         C O N C U R R I N G   O P I N I O N

 








This
court correctly reverses the trial court=s judgment because there was no evidence  of
independently actionable conduct by Bren-Tex that
caused Michael Hensen=s death.  There was no evidence to support independent
liability in this regard as to the alleged DTPA and implied-warranty
claims.  The majority opinion also
correctly holds that there was no evidence of facts that would impose a
negligence duty on Bren-Tex to warn the Hensens of dangers concerning the used tractor=s lack of a ROPS or to inform the Hensens of the benefits, importance, and availability of a
ROPS for this tractor.

This
alleged negligence duty arguably might be based on section 388 or section 401
of the Restatement (Second) of Torts. 
See Restatement (Second)
of Torts '' 388, 401 (1966). 
Whether based on one of these sections or some other source, there was
no evidence Bren-Tex owed such a negligence duty in
this case because Massey presented no evidence the average user of a tractor
would not recognize the dangers of using a tractor without a ROPS or the
benefits and availability of a ROPS.  See
Sauder Custom Fabrication, Inc. v. Boyd, 967
S.W.2d 349, 349B51 (Tex. 1998) (holding there is no duty to warn of risks
obvious to the average user of the product); Caterpillar, Inc. v. Shears,
911 S.W.2d 379, 381B83 (Tex. 1995) (holding that seller of front-end loader had
no duty to warn injured worker concerning the dangers of operating the loader
without a ROPS because the dangers were obvious under an objective standard); Winn
ex rel. Winn v. Pollard, 62 S.W.3d 611, 616B18 (Mo. Ct. App. 2001) (holding,
under section 388 of the Restatement
(Second) of Torts, defendants had no duty to warn injured tractor driver
that tractor lacked a ROPS because this was an open and obvious danger); Livengood v. ABS Contractors Supply, 710
N.E.2d 770, 771B73 (Ohio Ct. App. 1998) (holding supplier of compactor had no
duty to warn worker or his employer of the availability and/or need for a ROPS
for the compactor because this was an open and obvious danger); Restatement (Second) of Torts ' 388 (requiring supplier of chattel
to have Ano reason to believe that those for
whose use the chattel is supplied will realize its dangerous condition@ before supplier has a duty to warn);
Restatement (Second) of Torts ' 401 cmt. k (stating that seller has no duty to warn of dangers in
chattel sold where seller reasonably believes the buyer and other users of the
chattel will realize the danger in question).








The
subjective knowledge of the personal-injury plaintiff is not determinative;
rather, the issue is whether, under an objective standard, the risk in question
is obvious to the average user of that product. 
See Caterpillar, Inc., 911 S.W.2d at 381B83; see also Sauder
Custom Fabrication, Inc., 967 S.W.2d at 349B51. 
The Texas Supreme Court has held that the risks associated with the lack
of a ROPS on a front-end loader were objectively open and obvious so that there
was no duty to warn.  See
Caterpillar, Inc., 911 S.W.2d at 381B83.  The Texas Supreme Court also has stated that,
AIn general, a product seller is not
subject to liability for failing to warn or instruct regarding risks and risk
avoidance measures that should be obvious to, or generally known by,
foreseeable product users.@  Sauder Custom
Fabrication, Inc., 967 S.W.2d at 351 (quoting Restatement (Third) of Torts:  Prod.  Liab.
' 2, cmt. j (1997)).  

Accordingly,
this court correctly holds that there was no evidence to support a duty by Bren-Tex to warn the Hensens
about either:  (1) the dangers concerning
the lack of a ROPS; or (2) the importance and availability of a ROPS.  See Sauder
Custom Fabrication, Inc., 967 S.W.2d at 349B51;
Caterpillar, Inc., 911 S.W.2d at 381B83;
Winn ex rel. Winn, 62 S.W.3d at 616B18; Livengood,
710 N.E.2d at 771B73; Restatement (Second) of Torts  ''
388, 401.

 

 

 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed September 12, 2002.

Panel consists of
Justices Edelman, Frost, and Murphy.[1]

Publish B Tex.
R. App. P. 47.3(b).

 

 











[1]           Although
the trial court ruled that Bren-Tex was not entitled
to indemnity, it made fact findings of the costs Bren-Tex
had incurred in defending the Hensens= lawsuit and would incur to appeal the trial court=s take-nothing judgment on its indemnity claims
against Massey.





[2]           For
purposes of this opinion, the term, Aseller@ will refer to a non-manufacturing seller, i.e.,
a distributor, supplier, or retailer of goods manufactured by another.





[3]           For
this purpose, Aproducts liability action@ means any action against a manufacturer or seller for
personal injury, death, or property damage allegedly caused by a defective
product based on strict liability, negligence, misrepresentation, breach of
express or implied warranty, or any other theory or combination of
theories.  Tex. Civ. Prac.
& Rem. Code Ann. ' 82.001(2) (Vernon 1997).





[4]           Thus,
a plaintiff=s pleadings and joinder of a
seller as a defendant are sufficient to invoke the manufacturer=s duty to indemnify the seller but are not sufficient
to invoke the exception to that duty, which requires an actual finding that the
seller=s independent conduct was a cause of the plaintiff=s injury.  Meritor, 44 S.W.3d at 91.





[5]           Because
it is not challenged in this case, we do not address whether the trial court=s findings and conclusions, that any loss suffered by
Bren-Tex was caused by acts for which Bren-Tex would be independently liable, satisfied
the requirement of Meritor for a finding that
the seller=s independent conduct was a cause of the plaintiff=s injury.





[6]           In
conducting a no-evidence, or legal sufficiency, review, we view the evidence in
the light that tends to support the finding of the disputed fact and disregard
all evidence and inferences to the contrary. 
Lee Lewis Constr., Inc.
v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001).  If the evidence at least furnishes a basis
for reasonable minds to differ about the existence of the disputed fact, then
more than a scintilla of evidence exists, and the evidence is legally
sufficient.  Id.
at 782-83.





[7]           Although
the trial court=s findings track the broad language of section
82.002(a), Massey does not assert, and there is no evidence to support, any
other basis for independent liability by Bren-Tex.





[8]           Although
the Hensens asserted claims for breach of implied
warranty, there is no evidence that Bren-Tex had
reason to know of any particular purpose for which the tractor was acquired (i.e.,
beyond the ordinary purposes for which such tractors are used) or that the Hensens were relying on Bren-Tex=s skill or judgment to select suitable goods, so as to
support liability under the implied warranty of fitness for a particular
purpose.  See Tex. Bus. & Com. Code
Ann. ' 2.315 (Vernon 1994).  In addition, the implied warranty of
merchantability does not apply in Texas to used goods which are purchased, as
in this case, with knowledge that they are used.  See Southerland v. Northeast Datsun, Inc., 659 S.W.2d 889, 891 (Tex. App.CEl Paso 1983, no writ); Thornton Homes, Inc. v.
Greiner, 619 S.W.2d 8, 9 (Tex. Civ. App.CEastland 1981, no writ); Cheney v. Parks, 605
S.W.2d 640, 642 (Tex. Civ. App.CHouston [1st Dist.] 1980, writ ref=d n.r.e.); Valley Datsun v. Martinez, 578 S.W.2d 485, 489 (Tex. Civ. App.CCorpus Christi 1979, no writ); Chaq
Oil Co. v. Gardner Mach. Corp., 500 S.W.2d 877, 878 (Tex. Civ. App.CHouston [14th Dist.] 1973, no writ).  Moreover, to the extent Massey contends that Bren-Tex would also be independently liable for failing,
while refurbishing the tractor, to install a ROPS, any
such liability would also require knowledge by Bren-Tex
that the lack of a ROPS rendered the tractor defective or dangerous.





[9]           Statutory
indemnity is similarly provided under the DTPA. 
See Tex. Bus. & Com. Code Ann. ' 17.555 (Vernon 1987); Amstadt
v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996).





[10]          See
Caterpillar, Inc. v. Shears, 911 S.W.2d 379, 382-83 (Tex. 1995) (stating
that products liability law does not require a seller to warn of obvious risks
and that the relevant inquiry is not whether the average person would know that
a ROPS makes a front-end loader safer, but instead whether an average person
would recognize that operating an industrial vehicle with open sides and top
presents a risk of serious harm to the operator); Sauder
Custom Fabrication, Inc. v. Boyd, 967 S.W.2d 349, 350-51 (Tex. 1998)
(holding that the determination of whether a product=s dangers are obvious is made from the perspective of
an ordinary user of the product rather than an ordinary person who is
unfamiliar with the product).





[11]          See
Restatement (Second) of Torts ' 401 cmt. k.





[12]          A
report prepared by the Hensens= expert witness was admitted into evidence by Massey
and stated that Bren-Tex should have: (1)  known of the severe
injury potential of tractor rollovers; (2) known that a ROPS would have reduced
such risk; and (3) explained the consequences of not installing a ROPS when it
sold the tractor.  However, this report
did not address whether the average user of a tractor would recognize the risk
of harm from operating one without a ROPS or whether Bren-Tex
had reason to know that someone was likely to operate the tractor without
understanding that risk or otherwise lacking the competence to operate the
tractor safely without one.  Moreover,
when Bren-Tex objected to the admission of this
exhibit as hearsay and lacking testimony to authenticate it, it was expressly
offered and admitted into evidence merely as evidence Aof the case that was being built against Bren-Tex,@ and not for the truth of the matters asserted.





[13]          See
Nichols v. Westfield Indus., Ltd., 380 N.W.2d 392, 401 (Iowa 1985) (holding
that section 388 of the Restatement Adoes not
require the supplier to give information concerning available means for
amelioration of obvious dangers, even though [the supplier] is aware of those
means and the party to whom the chattel is supplied is not.@); Ky. Utils. Co. v. Auto
Crane Co., 674 S.W.2d 15, 18 (Ky. Ct. App. 1983) (stating, AWe know of no reason to obligate a seller to vigorously
promote every optional safety device which might be available.@).





[14]          Bren-Tex was not a Massey dealer and there is no evidence
of what, if any, knowledge Bren-Tex had about the
availability of a ROPS for this particular tractor other than the information
set forth in the owner=s manual that Bren-Tex
provided the Hensens with the tractor.





[15]          Because
it is not before us, we express no opinion on whether Bren-Tex
may recover the attorney=s fees or costs it incurred for the trial or appeal of
its indemnity claim, as contrasted from its defense of the Hensens= lawsuit.





[16]          Senior Chief Justice Paul C. Murphy sitting by assignment.





[1]           Senior Chief Justice Paul C. Murphy sitting by assignment.