**Affirmed and Memorandum Opinion filed August 23, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00571-CV

---

### LOYD LANDON SORROW, Appellant

### V.

### HARRIS COUNTY, HARRIS COUNTY SHERIFF'S DEPARTMENT SHERIFF, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, THE HARRIS COUNTY SHERIFF DEPARTMENT'S MENTAL HEALTH DEPARTMENT, HARRIS COUNTY SHERIFF DEPARTMENT'S MEDICAL DIVISION: DR. SEAL, AND THE HARRIS COUNTY DISTRICT PROSECUTING ATTORNEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, Appellees

---

On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 79003-I

---

## M E M O R A N D U M   O P I N I O N

A pro se inmate asserts claims against governmental entities for injuries he suffered after being released from jail. The governmental entities argued in a summary-judgment motion that the trial court lacks jurisdiction over the claims

because the governmental entities have not waived sovereign immunity. The trial court granted summary judgment. Because the appellant has not shown that the trial court erred in doing so, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Loyd Landon Sorrow filed suit against appellees/defendants Harris County, the "Harris County Sheriff's Department Sheriff," in his individual and official capacities, the "Harris County Sheriff Department's Mental Health Department," the "Harris County Sheriff Department's Medical Division: Dr. Seal," and the "Harris County District Prosecuting Attorney," in his official and individual capacities (hereinafter collectively the "Harris County Parties"), alleging a variety of tort, statutory, and constitutional violations stemming from conduct that occurred after Sorrow was arrested in West Virginia and extradited to Harris County to face criminal charges. In his petition, Sorrow asserts that during pre-trial detention he received medical treatment that included anti-psychotics and narcotics. Sorrow claims that he was given a narcotic just before a court date and that the medication kept him from understanding the consequences of pleading "guilty" and accepting deferred adjudication. According to Sorrow, the Harris County Parties had a duty to disclose his mental-health history to both the trial judge and Sorrow's attorney, and these disclosures would have (1) prevented Sorrow from pleading "guilty," (2) required the trial court to conduct a competency hearing, or (3) allowed the trial judge to order medication for Sorrow.

Sorrow contends that as a result of his "guilty" plea, he was thrown out of the jail and forced to spend the night on the street. Sorrow asserts that he was without his medication and suffered withdrawal symptoms including headaches, confusion, and sleeplessness. Sorrow explains that he was hungry and thirsty and

2

developed blisters from exposure to the sun. Sorrow asserts in his petition that the Harris County Parties' conduct constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, that it violates Texas Health and Safety Code sections 611.006(a)(4), (a)(7), and (a)(11), 611.006(b), and 614.017, as well as his right to due process of law.[1]

The Harris County Parties filed a summary-judgment motion in which they asserted that (1) the trial court lacked jurisdiction based on sovereign immunity[2] and (2) Sorrow's claims are barred by the doctrine established in *Heck v. Humphrey*. *See* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The trial court granted the Harris County Parties' summary-judgment motion.

## II. ISSUES AND ANALYSIS

On appeal, Sorrow challenges the trial court's summary judgment in nine issues. In these issues and the argument under them, Sorrow asserts that (1) the Harris County Parties waived their jurisdictional complaint by first filing a motion to transfer venue; (2) the Harris County Parties' sovereign immunity is waived under Texas Civil Practices and Remedies Code section 101.021(2); (3) the *Heck* doctrine does not apply to the claims Sorrow asserts; (4) the trial court abused its discretion in failing to consider documents under Texas Rule of Evidence 107; (5) the trial court abused its discretion in dismissing the case without considering Sorrow's amended pleading; (6) the trial court erred in failing to file findings of

---

[1] In his live pleading, Sorrow does not state that he is asserting any claims under Title 42, section 1983 of the United States Code. On appeal, Sorrow does not state that he asserted any such claims nor does he base any appellate argument on his alleged assertion of any such claims.

[2] For convenience, all references in this opinion to "sovereign immunity" refer to the related doctrine of governmental immunity, which applies to Harris County and the other governmental defendants in this case. *See Harris County Flood Control Dist. v. Edward A.*, —S.W.—, —, 2016 WL 3418246, at *4 n.12 (Tex. Jun. 17, 2016).

3

fact and conclusions of law; and (7) the trial court abused its discretion in failing to rule on his special exceptions. On appeal, Sorrow focuses exclusively on the injuries he suffered after being released from jail.

When a governmental entity is immune from suit under the doctrine of sovereign immunity, courts lack subject-matter jurisdiction over the claims against the governmental entity. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012); *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). Generally, for there to be a waiver of immunity from suit, the Legislature must have waived immunity from suit as to the claim in question by clear and unambiguous language. *See* Tex. Gov't Code Ann. § 311.034 (West, Westlaw through 2015 R.S.) (providing that a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332–33 (Tex. 2006). Harris County, the Harris County Sheriff's Department, and the Harris County District Attorney's Office all generally enjoy sovereign immunity from liability unless sovereign immunity has been waived. *See Sw. Bell Telephone, L.P. v. Harris County Toll Road Auth.*, 282 S.W.3d 59, 69–70 (Tex. 2009); *Ficke v. Ratliff*, No. 03-13-00136-CV, 2014 WL 857212, at *1–2 (Tex. App.—Austin Feb. 27, 2014, pet. denied) (mem. op.).

As the claimant, Sorrow bore the burden of pleading facts demonstrating a waiver of immunity. *Cnty. of Cameron v. Brown,* 80 S.W.3d 549, 554–55 (Tex. 2002); *Univ. of Tex. M.D. Anderson Cancer Ctr. v. King,* 329 S.W.3d 876, 879 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Sorrow argues that sovereign immunity has been waived under Texas Civil Practices and Remedies Code section 101.021(2). A defendant may seek a dismissal with prejudice on the ground that the trial court lacks subject-matter jurisdiction over claims against that

4

defendant due to sovereign immunity by filing a plea to the jurisdiction or by filing a summary-judgment motion. *Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We construe Sorrow's pleadings liberally in his favor. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

Section 101.106(a), the Texas Tort Claims Act's election-of-remedies provision, requires a party to determine whether an employee acted independently and is solely liable for the alleged tort, or whether the employee acted within the scope of the employee's employment such that the governmental unit is vicariously liable. *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014). If the governmental unit is vicariously liable for the employee's actions, because the actions were taken within the scope of employment, the statue mandates dismissal of the government employee. *See id.* When suit is brought against a governmental employee for conduct within the general scope of the employee's employment, and suit could have been brought against the government, the suit "is considered to be against the employee in the employee's official capacity only." *See id.* (quoting *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 356 (Tex. 2013) (internal citations omitted)).

### A. Did the Harris County Parties waive their argument that the trial court lacked subject-matter jurisdiction?

Sorrow asserts that the Harris County Parties waived their sovereign-immunity argument by failing to assert it in their original answer. The Harris County Parties filed a motion to change venue before asserting jurisdictional defects. When a governmental entity is immune from suit under the doctrine of sovereign immunity, courts lack subject-matter jurisdiction over the claims against the governmental entity. *Rusk State Hosp.*, 392 S.W.3d at 95. Subject-matter jurisdiction cannot be waived and may be raised for the first time on appeal. *Tex. Assoc. Bus. v. Tex. Air Control Board*, 852 S.W.2d 440, 445 (Tex. 1993). Subject-

matter jurisdiction is different than personal jurisdiction. Though a party may waive its objection to personal jurisdiction and consent to personal jurisdiction, a party cannot vest the trial court with subject-matter jurisdiction over the claims in a lawsuit. *See In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014); *Tex. Assoc. Bus.*, 852 S.W.2d at 445. The Harris County Parties assert the trial court lacks subject-matter jurisdiction over the claims against them based on sovereign immunity. Because subject-matter jurisdiction is essential to the authority of the court to decide the case, the Harris County Parties did not waive their sovereign-immunity argument by failing to raise it in their original answer or by raising it after filing a motion to transfer venue. *See Rusk State Hosp.*, 392 S.W.3d at 100; *Tex. Assoc. Bus.*, 852 S.W.2d at 445.

### B. Does the waiver of sovereign immunity in Texas Civil Practice and Remedies Code section 101.021(2) apply?

Sorrow argues that the trial court has jurisdiction over his claims because the Harris County Parties' sovereign immunity is waived under Texas Civil Practices and Remedies Code section 101.021(2). This statute provides:

> A governmental unit in the state is liable for:
>
> . . .
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem Code Ann. § 101.021 (West, Westlaw through 2015 R.S.). We construe Sorrow's briefing liberally and conclude he is arguing that (1) his medical records constitute property within the meaning of section 101.021(2); (2) he suffered an injury due to the Harris County Parties' failure to disclose his medical records; and (3) the Harris County Parties' sovereign immunity is waived under section 101.021(2) because a private person would be liable for the actions

6

taken by the Harris County Parties under Texas Health and Safety Code sections 611.005 and 611.006.[3]

Texas Health and Safety Code section 611.005, entitled, "Legal Remedies for Improper Disclosure or Failure to Disclose," provides:

> (a) A person aggrieved by the improper disclosure of or failure to disclose confidential communications or records in violation of this chapter may petition the district court of the county in which the person resides for appropriate relief, including injunctive relief. The person may petition a district court of Travis County if the person is not a resident of this state.
>
> (b) In a suit contesting the denial of access under Section 611.0045, the burden of proving that the denial was proper is on the professional who denied the access.
>
> (c) The aggrieved person also has a civil cause of action for damages.

Tex. Health & Safety Code § 611.005 (West, Westlaw through 2015 R.S.). Texas Health and Safety Code section 611.006 provides, in relevant part, that "a professional may disclose confidential information in . . . any criminal proceeding." Tex. Health & Safety Code § 611.006(a)(7).

For section 101.021(2) to waive sovereign immunity, a condition or use of tangible property must have proximately caused personal injury or death. *See Dallas Cnty Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). Property does not cause injury if it does no more than furnish the condition that makes the injury possible. *Id.* Sorrow's complaint under section 611.005 is that the Harris County Parties failed to disclose his medical records and the failure to disclose the records caused him to suffer injury. Sorrow has asserted that the Harris County Parties' failure to use his medical records (the alleged property) in a particular way caused him injury. Sorrow does not assert that the

---

[3] Sorrow also asserts that the Harris County Parties' actions violated Texas Code of Criminal Procedure articles 16.22 and 46B.

use of the records, or the records themselves, caused him injury. Thus, Sorrow does not assert any claims that fall within the waiver of sovereign immunity contained in section 101.021(2). *See* Tex. Civ. Prac. & Rem. Code § 101.021(2); *Bossley*, 968 S.W.2d at 343 (holding immunity was not waived when injury was caused by official's failure to take an action rather than by the condition or use of the property in question); *Univ. of Tex. M.D. Anderson Cancer Center v. Jones*, 485 S.W.3d 145, 149 (Tex. App.—Houston [14th Dist.] 2016, pet. filed) (noting that allegations involving misuse of information, without more, are insufficient to waive immunity).

## C. Does the *Heck* doctrine apply to the claims?

Sorrow argues that the *Heck* doctrine does not apply to pre-trial detention, deferred sentences, or mental-illness tort claims. *See Heck*, 512 U.S. at 486–87, 114 S.Ct. at 2372. He explains that he was denied safeguards that led him to suffer medication withdrawal, blisters, fear, hunger, thirst, and headaches. Sorrow states that his lawsuit relates to these alleged injuries and he does not challenge his criminal conviction.[4] For the purposes of our analysis, we presume that the *Heck* doctrine does not apply to Sorrow's claims. Nonetheless, the Harris County Parties asserted another summary-judgment ground based on sovereign immunity. To show that the trial court erred in granting summary judgment, Sorrow must show error as to the sovereign-immunity ground. *See Navarro v. Grant Thornton, LLP,* 316 S.W.3d 715, 719–20 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

## D. Did the trial court abuse its discretion by failing to consider documents under Texas Rule of Evidence 107?

Sorrow also asserts that the trial court abused its discretion by granting

---

[4] Sorrow asserts he has not pled claims challenging his criminal conviction and he has not challenged the trial court's judgment to the extent it grants summary judgment on any claims that challenge Sorrow's criminal conviction.

summary judgment without reviewing medical documents and "omitted magistrate notifications." At one point under this issue, Sorrow states that he attempted to obtain these documents through discovery requests and requests for disclosure. Sorrow explains that he did not receive answers to his discovery requests and requests for disclosure and asserts that the trial court abused its discretion in dismissing the lawsuit before Sorrow received answers to his discovery requests and, in particular, without reviewing answers Sheriff Adrian Garcia would have provided to Sorrow's interrogatories. At another point, Sorrow asserts that the trial court was required to review these documents under Texas Rule of Evidence 107.

With respect to Sorrow's complaints that he did not receive answers to his discovery requests, Sorrow did not take any steps to preserve error in the trial court. *See Mayfield v. Fullhart*, 444 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Texas Rule of Evidence 107, entitled "Rule of Optional Completeness," provides:

> If a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. An adverse party may also introduce any other act, declaration, conversation, writing, or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent. "Writing or recorded statement" includes a deposition.

Tex. R. Evid. 107. Sorrow did not attempt to offer any evidence at the summary-judgment stage, and so the trial court did not exclude any such evidence. *See Wilson v. Snead Site Preparation, Inc.*, 770 S.W.2d 840, 844 (Tex. App.—Houston [14th Dist.] 1989, writ denied). To the extent Sorrow challenges the trial court's failure to compel discovery, Sorrow did not preserve error in the trial court. *See Mayfield*, 444 S.W.3d at 226. Because the trial court did not exclude any evidence under Rule 107, we have no ruling to review in that regard. *See Bren-Tex Tractor*

*Co., Inc. v. Massey-Ferguson, Inc.*, 97 S.W.3d 155, 161 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (overruling complaint because the trial court did not make ruling on the issue).

### E. Did the trial court fail to consider Sorrow's amended pleading?

Sorrow asserts the trial court abused its discretion because the trial court did not consider his amended pleading. Sorrow points out that neither the trial court nor the Harris County Parties responded to his amended pleading, which he alleges corrects issues in the prior petition relating to subject-matter jurisdiction and sovereign immunity.

Sorrow filed his amended pleading after the Harris County Parties filed their summary-judgment motion and before the trial court granted the motion. The record gives no indication that the trial court refused leave to file, nor does it contain a motion to strike the amended pleading. We presume that the trial court considered Sorrow's amended pleading. The Harris County Parties were not required to file another answer specifically responding to Sorrow's amended pleading. In addition, to the extent Sorrow asserted new claims in his amended pleading, the Harris County Parties' sovereign-immunity summary-judgment ground was sufficiently broad to encompass these new claims. Therefore, it was procedurally appropriate for the trial court to grant summary judgment as to these new claims, even though the Harris County Parties did not amend their motion to address the new claims. *See Wilson v. Korthauer*, 21 S.W.3d 573, 579 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

### F. Did the trial court err in failing to file findings of fact and conclusions of law?

Sorrow asserts that the trial court erred in failing to prepare and file findings of fact and conclusions of law relating to the Harris County Parties' summary-

judgment motion. Findings of fact have no place in a summary-judgment proceeding because a trial court cannot render summary judgment if there are any genuine issues of material fact. *See Lilly v. Tex. Dept. of Criminal Justice*, 472 S.W.3d 411, 421 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The trial court did not err in failing to prepare and file findings of fact and conclusions of law after granting summary judgment. *See id.*

### G. Did the trial court fail to rule on special exceptions?

Sorrow asserts the trial court abused its discretion by failing to rule on his special exceptions. Sorrow argues the document he filed, entitled "Special Exceptions" is a good-faith attempt to correct defects in the pleadings. Sorrow contends that the trial court should have been specific about its reasons for concluding it lacked jurisdiction and dismissed the case without prejudice so that Sorrow could cure the flaws in his petition.

Special exceptions may be used to challenge the sufficiency of a pleading. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). When the trial court sustains special exceptions, it generally must give the pleader an opportunity to amend the pleading. *Id.* After the trial court granted summary judgment in favor of the Harris County Parties, Sorrow filed a document entitled "Special Exceptions."[5] In the document Sorrow makes legal arguments attacking the trial court's judgment granting summary judgment.

Although styled as special exceptions, Sorrow did not attack the sufficiency of his own pleadings or the Harris County Parties' motion; rather, Sorrow challenged the trial court's summary judgment. Accordingly, we construe Sorrow's "special exceptions" as a motion for reconsideration, which the trial court

---

[5] Sorrow filed this same document before the trial court granted summary judgment and in its judgment the trial court expressly stated that it considered the document.

11

overruled by operation of law. *See Thottumkal v. McDougal*, No. 14-03-00807-CV, 2004 WL 1607649, at \*2 (Tex. App.—Houston [14th Dist.] Jul. 20, 2004, pet. denied) (mem. op.). Therefore, the trial court did rule on Sorrow's special exceptions.

## III. CONCLUSION

Sorrow's appellate arguments lack merit. Sorrow has not shown that the trial court erred in granting summary judgment based on the Harris County Parties' sovereign-immunity summary-judgment ground. Accordingly, we overrule Sorrow's issues and affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Wise.