**CHAQ OIL COMPANY, Appellant,**

v.

**GARDNER MACHINERY CORPORATION,**
**Appellee.**

No. 866.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 10, 1973.

Jack B. Manning, Travis G. Wilson, Bean & Manning, Houston, for appellant.

L. E. Laurence, Moore & Laurence, Houston, for appellee.

CURTISS BROWN, Justice.

This is a suit for damages arising from an alleged breach of implied warranties of merchantability and fitness for a particular purpose. Appellant, Chaq Oil Company (Chaq), plaintiff below, purchased a used "crawler-tractor" from appellee, Gardner Machinery Corporation (Gardner). Rather extensive repairs to the machine were later made by Chaq and this suit was

brought for the purchase price plus the cost of the repairs. Trial was to the court. Plaintiff's managing partner was the only witness called. The court then entered a take-nothing judgment against Chaq. Chaq has properly perfected this appeal. We affirm.

The court filed thirty-three findings of fact and nine conclusions of law which are the basis for Chaq's points of error on this appeal. In the view we take of this case, however, it is not necessary to decide whether all of those findings have support in the evidence. The following facts are undisputed and are all that are necessary to support our conclusions: (1) Chaq's managing partner, Mr. A. S. Parks, saw the machinery operating before he purchased it, and (2) the machinery was used (second-hand), which fact was known to both parties at the time of the purchase.

 Chaq seeks to recover under one or both of two implied warranties, those of merchantability and fitness for a particular purpose. The warranty of merchantability is implied in a contract for the sale of goods unless excluded or modified in the proper manner. Tex.Bus. & Comm.Code Ann. sec. 2.314(a), V.T.C.A. (1968).[1] The standards of merchantability applicable to the crawler-tractor are that it must pass without objection in the trade under the contract description and that it be fit for the ordinary purposes for which such goods are used. Sec. 2.314(b)(1), (3). The Official Comments to the Uniform Commercial Code, upon which the Texas Code is modeled, state that a contract for the sale of second-hand goods carries only such obligations as are appropriate to such goods, as that is their contract description. Uniform Commercial Code sec. 2–314, Comment 3. Under Texas law no implied warranty of merchantability is appropriate in the case of goods purchased with the knowledge that they are used or second-hand. Norvell-Wilder Supply Company v. Richardson, 300 S.W.2d 773, 775 (Tex. Civ.App.-El Paso 1957, writ ref'd n. r. e.); American Soda Fountain Co. v. Palace Drug Store, 245 S.W. 1032 (Tex.Civ.App.-Austin 1922, no writ). One early case even went so far as to hold that the purchaser of a second-hand machine from someone other than the manufacturer may not complain of latent defects without pleading and proving fraud. Joy v. National Exch. Bank of Dallas, 32 Tex. Civ.App. 398, 74 S.W. 2325 (1903, no writ). The Business & Commerce Code clearly contemplates that such pre-code law be used when applicable to supplement code provisions. Sec. 1.103. Applying the rule established in these cases, we hold that there was no implied warranty of merchantability of this machine upon which Chaq can recover.

 The implied warranty of fitness for a particular purpose arises when the seller knows both the particular purpose for which goods are purchased and the fact that the buyer is relying upon his judgment to select the proper goods. Sec. 2.315; for pre-code law to the same effect, see Bedner v. Dunigan Tool & Supply Co., 142 Tex. 663, 180 S.W.2d 919, 920 (1944). Although there is some controversy over whether the warranty of fitness applies under the facts of this case, we do not find it necessary to reach this question. Chaq seeks to recover both the purchase price and the cost of repairs, but neither is the proper measure of damages for a breach of warranty in the sale of equipment. In such a sale, the measure of damages for either an express or an implied warranty is the difference in market value between the equipment as delivered and as warranted. Neuman v. Spector Wrecking & Salvage Co., Inc., 490 S.W.2d 875, 877 (Tex.Civ. App.-Beaumont 1973, no writ). The buyer is not entitled to the cost of repairs as the measure of his damages. Texas Construction Rentals, Inc. v. Harrison, 410 S.W.2d 482, 485 (Tex.Civ.App.-Waco 1966, writ

1. All subsequent section citations are to the Texas Business and Commerce Code Annotated, 1968.

ref'd n. r. e.). Chaq failed to plead or prove the proper damages and, therefore, cannot recover under the warranty of fitness.

In addition, section 2.316(c)(2) provides that there is no implied warranty of fitness with regard to defects which an examination ought in the circumstances to have revealed to a buyer who before entering the contract has examined the goods as fully as he desires. Mr. Parks testified that he is an engineer and generally acquainted with the mechanics of machinery operation. If, as alleged, the machine was not in running condition, this should have been apparent to Mr. Parks when the machine was operated in his presence.

The judgment of the trial court is affirmed.