Richard H. CHENEY et ux., Appellants,

v.

James C. PARKS, Jr. et ux. et al., Appellees.

No. 17688.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 17, 1980.

Rehearing Denied Aug. 21, 1980.

Gay, De La Garza & Roscoe, John H. Harris, Houston, for appellants.

Shirley, Shirley & Mackey, Michael G. Shirley, Thomas Cain, Texas City, for appellees.

Before COLEMAN, C. J., and WALLACE and DOYLEN, JJ.

WALLACE, Justice.

This is a suit for damages under the Deceptive Trade Practices–Consumer Protection Act and for common law recission of a note and Deed of Trust executed by appellants as part of the consideration for the purchase from appellees of a sixteen year old house and lot. Appellees counterclaimed for foreclosure under the note and Deed of Trust. Based upon the jury verdict, the trial court entered judgment for appellees for the amount due on the note plus attorney's fees, less $3,800.00 damages found by the jury in favor of appellants.

Appellants allege error by the trial court in failing to treble the $3800.00 damages found by the jury; in failing to award attorney's fees in the amount as stipulated by the parties as being reasonable; and, in assessing court costs against appellants. Appellees alleged by cross–point that the court erred in failing to award attorney's fees to them in the amount stipulated rather than the $3,886.92 as provided for in the promissory note.

In answer to special issues the jury found as follows:

1. Appellees did not represent that the house had characteristics which it did not have.
2. Appellees represented that the wooden deck around the swimming pool was of particular standard, quality or grade when it was of another. However, appellants suffered no damages as a result of those representations.
3. There were no defects in (a) the roof and ceilings; (b) sewage equipment; (c) the wooden deck; (d) the garbage disposal; and, (e) the swimming pool pump.
4. The appellees did not receive notice of the alleged defects prior to October 27, 1978 (the date plaintiffs' petition was filed).
5. There was a failure of the house to meet the standard of habitability that a reasonable and prudent buyer would expect.
6. The reduction in value of the house because of the failure to meet such standard of habitability was $3,800.

The only statement of fact before this court is the stipulation that reasonable attorney's fees for each party is $12,500.00 through trial and an additional $2,500.00 for appeal to this court.

Appellants contend that the trial court erred in not trebling the $3,800 damages found by the jury. At the time the judgment was rendered the Deceptive Trade Practices–Consumer Protection Act (Tex. Bus.Comm.Code) § 17.50A provided:

"In an action brought under Section 17.50 of this subchapter, actual damages only and attorney's fees reasonable in relation to the amount of work expended and court costs may be awarded where the defendant:

. . . . .

(2) proves that he had no written notice of the consumer's complaint before suit was filed."

The jury found that appellees did not receive written notice of appellants' complaints before October 27, 1978, the date appellants' original petition was filed. Appellants contend that such issue did not cover that portion of October 27th which elapsed before the suit was actually filed, so the issue was thus immaterial and appellees did not prove their defense to treble damages.

■■■ This contention is rejected. When a theory of defense is comprised of a single element and no objection is made to the controlling issue as defectively submitted, any objection to the issue is waived. *Allen v. American National Insurance Company*, 380 S.W.2d 604, 609 (Tex.1964). There is a rebuttable presumption that omitted special issues necessary to support a judgment are established as a matter of law. *Livezey v. Putnam Supply Co.*, 30 S.W.2d 902 (Tex.Civ. App.–Eastland 1930, writ ref'd.). The statement of facts consists only of a stipulation as to attorney's fees, so there is nothing in the record to rebut the above presumption.

■■■ Appellants contend that the failure of the house to meet the standards of habitability that a reasonable buyer would expect constituted a breach of an implied warranty of habitability, and thus under the provisions of § 17.50A they are entitled to the stipulated attorney's fees. Appellees contend that the finding of a failure of the house to meet the standard of habitability was a finding of a partial failure of consideration as pleaded by appellants, not a finding of a deceptive trade practice. We sustain appellees' contention. Appellants' first amended petition did not allege an implied warranty and there is nothing in the record to indicate that the issue was tried by consent. Also, the Deceptive Trade Practices Act does not create an implied warranty. Any warranty enforceable thereunder must be created independently of the act. *Bunting v. Fodor*, 586 S.W.2d 144 (Tex.Civ.App. Houston [1st Dist.] 1979, no writ). Under Texas law there is no implied warranty that used goods are fit for the purpose for which they are purchased. *Chaq Oil Co. v. Gardner Machinery Corp.*, 500 S.W.2d 877 (Tex. Civ.App.–Houston [14th Dist.] 1973, no writ). We find that this holding is equally applicable to the purchase of a used dwelling. A buyer of a used house takes the same subject to wear and tear of use just as does the buyer of a used automobile. Appellants have failed to prove a cause of action under the Act, accordingly their contention as to attorney's fees is overruled.

Appellants' remaining point of error complains of the court's assessing costs against them. The judgment rendered by the trial court was in favor of appellees on their counterclaim with an offset for actual damages which the jury determined appellants were entitled to. Rule 131 of the Texas Rules of Civil Procedure provides that the successful party to a lawsuit shall recover from the adversary all costs incurred therein except as otherwise provided. Rule 303, Texas Rules of Civil Procedure provides:

"Whenever a counter claim is pleaded, the party in whose favor final judgment is rendered shall also recover the costs, unless it be made to appear on the trial that the counter claim of the defendant was acquired after the commencement of the suit, in which case, if the plaintiff establishes a claim existing at the commencement of the suit, he shall recover his costs.

The judgment of the trial court was rendered in favor of appellees on their counterclaim subject to an offset of $3,800.00.

Rule 141, Texas Rules of Civil Procedure provides:

"The Court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."

The judgment recited the court's reasons for assessing costs against the appellants and in doing so the court did not err.

By cross point appellees contend that the trial court erred in failing to award them the $12,500.00 attorney's fees through trial

in the district court plus an additional $2500.00 for appeal to this court as was stipulated by all parties to be reasonable. The trial court awarded attorney's fees as set out in the promissory note upon which appellees' counterclaim was based. That note provided for ten percent of accrued principal and interest as attorney's fees. Appellees contend that the Deed of Trust given to secure the note provided for reasonable attorney's fees and that the provisions of the Deed of Trust should control over the promissory note.

A close examination of the provision in the Deed of Trust providing for attorney's fees shows that such attorney's fees are to be granted only in the event appellees were required to defend the prior lien granted in the Deed of Trust as against attack by a third party. Inasmuch as this suit involved only the grantor and grantee, the provisions of the promissory note would apply and not the provision of the Deed of Trust. Appellees' cross point is denied.

The judgment of the trial court is affirmed.