THORNTON HOMES, INC. et al., Appellants,

v.

Bernard I. GREINER et ux., Appellees.

No. 5617.

Court of Civil Appeals of Texas, Eastland.

May 21, 1981.

J. Stockton Williams, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellants.

Theodore D. Smith, Jr., Killeen, for appellees.

RALEIGH BROWN, Justice.

This is a venue case. Bernard I. Greiner and wife, Coleen E. Greiner, sued Thornton Homes, Inc. and Gary L. Thornton, in Bell County, pursuant to the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.41 et seq. They alleged defective construction of a fireplace in a house the Greiners had purchased from people who had purchased it from Thornton Homes, Inc. Defendants' pleas of privilege were denied. Thornton Homes, Inc. and Gary L. Thornton appeal. We reverse and render.

In two points of error, appellants urge first, that the Greiners' petition fails to allege a claim to relief under the Deceptive Trade Practices Act and second, their petition clearly indicates that the Greiners are not consumers as to the appellants as required by the act.

Thornton Homes, Inc. constructed a house in Killeen, Bell County, Texas, which was sold to Eddie D. Adams and wife on or about February 28, 1977. Approximately two years later, the Adams sold the house to the Greiners. After purchasing the house, the Greiners used the fireplace and decided it did not function properly. The Adams had not reported any problem with the fireplace.

Gary L. Thornton, President of Thornton Homes, Inc., is a resident of Travis County, and the location of Thornton Homes, Inc. is in Williamson County.

■ For venue purposes under the Deceptive Trade Practices Act, a plaintiff is only required to allege a claim for relief thereunder and is not required to prove a cause of action. *Compu-Center, Inc. v. Compubill, Inc.,* 580 S.W.2d 88 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ); *Dunn v. Brown,* 584 S.W.2d 535 (Tex.Civ. App.—Eastland 1979, no writ); *Dairyland*

*County Mutual Insurance Company of Texas v. Harrison,* 578 S.W.2d 186 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ). The Greiners rely on Section 17.50(a)(2) of the Act because the only violation alleged in their pleading is that of breach of an implied warranty.

Texas courts have consistently held that an implied warranty does not attach to the sale of used goods where the purchaser knows that they are used. *Valley Datsun v. Martinez,* 578 S.W.2d 485 (Tex.Civ.App.— Corpus Christi 1979, no writ); *Chaq Oil Company v. Gardner Machinery Corporation,* 500 S.W.2d 877 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ).

Supreme Court Justice Wallace, while serving on the Houston Court of Civil Appeals, 1st District, said in *Cheney v. Parks,* 605 S.W.2d 640 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n. r. e.):

> Under Texas law there is no implied warranty that used goods are fit for the purpose for which they are purchased. *Chaq Oil Co. v. Gardner Machinery Corp.,* 500 S.W.2d 877 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). We find that this holding is equally applicable to the purchase of a used dwelling. A buyer of a used house takes the same subject to wear and tear of use just as does the buyer of a used automobile. . . .

Mr. and Mrs. Greiner's pleadings establish that they purchased a used, not a new, house. They have failed, therefore, to plead a claim to relief under the Deceptive Trade Practices Act.

We reverse and render judgment that the defendants' pleas of privilege be granted.