**Vijai P. GUPTA, Petitioner,**

v.

**RITTER HOMES, INC., et al.,
Respondents.**

No. C–1363.

Supreme Court of Texas.

Feb. 9, 1983.

Rehearing Denied March 16, 1983.

Kenneth H. Strahan, Liberty, Larry A. Anderson, Anderson & Anderson, Crosby, for petitioner.

DeLange, Hudspeth, Pitman & Katz, Paul J. McConnell, III, Houston, for respondents.

WALLACE, Justice.

This is an appeal from a summary judgment for Ritter Homes, Inc., et al (Ritter) in a suit by the second owner of a residence. The owner, Vijai P. Gupta (Gupta), sued Ritter as the builder of his home, on three theories: (1) implied warranty under the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. Ch. 17 (DTPA); (2) implied warranty under the Uniform Commercial Code, Tex.Bus. & Com.Code Ann. § 2.102 (U.C.C.); and (3) negligent construction. The trial court rendered summary judgment for Ritter on all three theories. The court of appeals sustained the summary judgment on the theory of implied warranty under the DTPA by holding that no implied warranty arises from the sale of a used house. 633 S.W.2d 626. The court of appeals also sustained the trial court's denial of a cause of action under the U.C.C. by holding that the U.C.C. excludes sales of realty, but reversed and remanded the cause for trial on Gupta's negligent construction theory. The court of appeals' remand is not contested by Ritter and Gupta does not complain of the court of appeals' ruling on an implied warranty under the U.C.C. The question of an implied warranty under the DTPA is the only issue before us. We affirm that part of the court of appeals' judgment which remanded the cause for trial on the theory of negligent construction and which sustained the judgment of the trial court on the theory of implied warranty under the U.C.C. We reverse and remand that part of the judgment of the court of appeals which held that there is no implied warranty by a builder under the DTPA.

On November 3, 1976, Ritter purchased the lot upon which the house was built and

on July 27, 1977, sold the lot and finished house to James E. Wobig. Mr. Wobig and his family occupied the house for approximately three months and then sold it to Gupta. Gupta alleged that the slab foundation of the house had settled excessively causing the walls to crack, the roof to leak and the patio to pull away from the rest of the house. He also alleged that the garage slab and the driveway had cracked.

■ This Court held in *Humber v. Morton*, 426 S.W.2d 554 (Tex.1968), that a builder/vendor impliedly warrants to his purchaser that a building constructed for residential use has been constructed in a workmanlike manner and is fit for habitation, thus rejecting the doctrine of caveat emptor. The question before us is whether that implied warranty extends to subsequent purchasers. We hold that it does cover latent defects not discoverable by a reasonably prudent inspection of the building at the time of sale. The reasons for this holding are: (1) a builder should be in business to construct buildings free of latent defects; (2) the buyer cannot, by reasonable inspection or examination, discern such defects; (3) the buyer cannot normally rely on his own judgment in such matters; (4) in view of the circumstances and the relations of the parties, the buyer is deemed to have relied on the builder; and (5) the builder is the only one who has or could have had knowledge of the manner in which the building was built. As between the builder and owner, it matters not whether there has been an intervening owner. The effect of the latent defect on the subsequent owner is just as great as on the original buyer and the builder is no more able to justify his improper work as to a subsequent owner than to the original buyer. The public policy upon which the *Humber* decision was based applies equally to both situations. See *id.* at 552.

Ritter contends that an implied warranty arising out of a contract must fail as to a subsequent purchaser for lack of privity. We hold that the implied warranty of habitability and good workmanship is implicit in the contract between the builder/vendor and original purchaser and is automatically assigned to the subsequent purchaser. This interpretation of an implied warranty as a contract remedy is consistent with our holding in *Humber* and our recent holding in *G.W.L. v. Robichaux*, 25 Sup.Ct.J. 166 (January 8, 1983), where we discussed the implied warranty of habitability explicitly in terms of contract law and held that it, like any other provision, could be waived.

■ Ritter cites *Cheney v. Parks*, 605 S.W.2d 640 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) and its progeny *Thornton Homes, Inc. v. Greiner*, 619 S.W.2d 8 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.) as holding that no implied warranty exists in the sale of a used house. *Cheney* was a suit by the purchaser of a 16 year old house against a prior owner who was not the builder. We approve the holding in *Cheney* to the extent it stands for the proposition that the sale of a used house by a non-builder owner does not imply a warranty of habitability on the part of the non-builder owner. The fact that the home is "used" does not in and of itself limit the liability of a builder.

*Thornton Homes* involved a suit by subsequent purchasers against a builder/vendor. The court of appeals held that the purchasers were barred from bringing a claim for breach of the implied warranty of habitability against the builder because the home was "used." *Id.* at 9. For the reasons set out above, we disapprove *Thornton*.

We affirm that portion of the court of appeals' judgment which remanded this cause for trial on the issue of negligent construction and sustained the trial court's judgment on the theory of an implied warranty under the U.C.C. We reverse and remand for trial that portion of the court of appeals' judgment affirming the trial court's holding that no cause of action existed under the DTPA on an implied warranty of habitability.

SPEARS, J., concurring in which RAY, J., joins.

SPEARS, Justice, concurring.

I concur in the opinion of the majority, but would go further in discussing the parameters of the cause of action. This was a case of first impression in Texas, and we have created a new cause of action; therefore, I believe it is our duty to give some guidance to the courts and the parties involved on how to proceed in the trial court.

Texas is not the first state to extend the implied warranty of habitability to subsequent purchasers. The supreme courts of six states have recognized the cause of action and limited the implied warranty to latent defects which are not discoverable upon a reasonable inspection. *Blagg v. Fred Hunt Co.,* 272 Ark. 185, 612 S.W.2d 321 (Ark.1981); *Redarowicz v. Ohlendorf,* 92 Ill.2d 171, 65 Ill.Dec. 411, 441 N.E.2d 324 (Ill.1982); *Barnes v. Mac Brown & Co.,* 264 Ind. 227, 342 N.E.2d 619 (Ind.1976); *Elden v. Simmons,* 631 P.2d 739 (Okl.1982); *Terlinde v. Neely,* 275 S.C. 395, 271 S.E.2d 768 (S.C.1980); *Moxley v. Laramie Builders, Inc.,* 600 P.2d 733 (Wyo.1979). Five of the six have done so since 1979. The reasoning and public policy arguments used by these courts in recognizing the cause of action are identical to the ones addressed by the majority. As ably stated by the Wyoming court in *Moxley v. Laramie Builders, Inc.,* 600 P.2d 733, 736 (Wyo.1979):

> The purpose of a warranty is to protect innocent purchasers and hold builders accountable for their work. With that object in mind, any reasoning which would arbitrarily interpose a first buyer as an obstruction to someone equally as deserving of recovery is incomprehensible.

*Id.* at 736.

Our extension of liability is limited to latent defects which manifest themselves after the purchase, and are not discoverable by a subsequent purchaser's reasonably prudent inspection at the time of sale. The majority merely recognizes the cause of action, thereby reversing the summary judgment and allowing the cause to proceed to trial on the merits. In trial, the plaintiff has the burden of proving a latent defect which is attributable to the actions or inactions of the builder/seller. The builder has all the traditional contract defenses available to him including the defense that the defects are not attributable to original structural flaws. For example, the builder could escape liability by pleading and proving there has been substantial change or alteration in the condition of the house since the original sale, misuse, or that the defects could have been discovered by reasonably prudent inspection of the house.

Latent defects in a house often will not manifest themselves for some period of time, very likely, after the original owner has sold the property to a subsequent buyer. In our very mobile society a builder/seller should know a house he builds might be resold within a very short period of time; therefore, our extension of the implied warranty should not place any extra burdens on builders. With these additions I concur in the opinion and result of the majority.

RAY, J., joins in this concurring opinion.