**Michael and Elaine TODD, Appellant,**

v.

**PERRY HOMES, A Joint Venture, Appellee.**

No. 05–04–00396–CV.

Court of Appeals of Texas, Dallas.

March 7, 2005.

has not exhausted the maximum statutory cap in section 101.023. TEX. CIV. PRAC. & REM.CODE ANN. § 101.023.

Jeffrey Lee Clark, Kelsoe, Anderson, Khoury & Clark, P.C., Dallas, TX, for Appellant.

Mike F. Pipkin, Sedgwick, Detert, Moran & Arnold, Stacy R. Obenhaus, Gregory Harwell, Jeremy Martin, Gardere Wynne Sewell LLP, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion By Justice MORRIS.

In this case arising out of the alleged faulty construction of a home, the trial court granted Perry Homes' no-evidence motion for summary judgment on Michael and Elaine Todd's claims for breach of implied warranty of habitability and unconscionable conduct under the Texas Deceptive Trade Practices Act. The Todds raise three issues on appeal arguing there were genuine issues of material fact precluding summary judgment. For the reasons that follow, we affirm the trial court's judgment.

The Todds are the subsequent purchasers of a house built by Perry Homes. The Todds claim that improper drainage caused rainwater to flow into their garage and crawlspace resulting in standing water under a portion of the house for up to five days. According to the Todds, the driveway had to be replaced and the drainage slopes around the house revised to correct the drainage problems. The Todds sued Perry Homes asserting causes of action for negligence, a "construction defect" under Section 27.001 et seq. of the Texas Property Code, breach of implied warranties of good workmanship and habitability, and violations of the DTPA. Perry Homes moved for both a traditional and a no-evidence summary judgment on all the Todds' claims. The trial court granted the no-evidence motion on the claims for breach of implied warranty of habitability and unconscionable conduct under the DTPA. The remaining claims were resolved by a jury trial. The Todds appeal only the trial court's granting of the no-evidence summary judgment.

■ To maintain a cause of action for breach of implied warranty of habitability, a plaintiff must show the property at issue is unsuitable for its intended use as a home and unfit for human habitation. *See Centex Homes v. Buecher,* 95 S.W.3d 266, 273 (Tex.2002). Perry Homes moved for summary judgment on the ground that there was no evidence the house was uninhabitable. In response, the Todds had the burden to present sufficient evidence to raise a genuine issue of fact on the issue of habitability. *See Gen. Mills Rest., Inc. v. Texas Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.).

■ In their first two issues on appeal, the Todds claim they raised genuine issues of material fact regarding the home's habitability. Specifically, the Todds argue they presented evidence showing the drainage problems created a risk of mold, rot, or termites in the house. Evidence of a risk of future problems does not, however, create a fact issue with respect to the home's current condition or suitability for habitation. Accordingly, the Todds did not raise a genuine issue of material fact as to the element of habitability.

■ In addition, the implied warranty of habitability extends only to latent defects. *Id.* at 275. In this case, the Todds admitted knowing before they purchased the house that there was soil movement in the backyard and that the driveway and the pool decking tilted toward the house. Thus, the cause of the drainage problems was a visible condition known to the Todds, and there is no evidence there was a hidden or latent defect in the home. We resolve the Todds' first two issues relating to the implied warranty of habitability against them.

■ In their third issue, the Todds assert they raised genuine issues of material fact regarding their claim that Perry Homes engaged in an unconscionable course of action under the DTPA. The purpose of the DTPA is to "protect con-

sumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection." TEX. BUS. & COM.CODE ANN. § 17.44 (Vernon 2002); *Amstadt v. U.S. Brass Corp.* 919 S.W.2d 644, 649 (Tex.1996). To be actionable under the DTPA, the defendant's deceptive conduct must occur in connection with a consumer transaction. *Id.* at 649–50. Where there is no contractual privity between the defendant seller and the consumer, "the connection can be demonstrated by a representation that reaches the consumer or by a benefit from the second transaction to the initial seller." *Marshall v. Kusch,* 84 S.W.3d 781, 786 (Tex.App.-Dallas 2002, pet. denied).

■ The evidence shows that, in 1995, Perry Homes constructed the home at issue and sold it to the original homeowners, the Smiths. In 2001, the Todds purchased the home from the Smiths without relying on any representation from Perry Homes. The Todds presented no evidence that Perry Homes was connected to their purchase of the home, that any representations Perry Homes made about the house reached the Todds, or that Perry Homes benefitted from their purchase of the house. Without evidence of a connection between the actions of Perry Homes and the sale of the house to the Todds, Perry Homes cannot be held liable for unconscionable action under the DTPA. *See*

*Marshall,* 84 S.W.3d at 787. We overrule the Todds' third issue.[1]

We affirm the trial court's judgment.

---

1. In a footnote in *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners L.P.,* 146 S.W.3d 79, 86 n. 27, the Texas Supreme Court stated that "*Amstadt [v. U.S. Brass Corp.* 919 S.W.2d 644, 649 (Tex.1996)]* appears to overrule *Gupta v. Ritter Homes, Inc.,* [646 S.W.2d 168, 169 (Tex.1983)]* in which we held an implied warranty asserted under the DTPA could be brought by a subsequent purchaser." In her concurrence and dissent to the *PPG* opinion, however, Justice O'Neill stated the majority "vastly overstates our holding in *Amstadt* ...." and "nothing in our *Amstadt* opinion [suggests] that, had the defendants' misrepresentations been directly connected with the homes' sale, subsequent buyers of the homes could not assert DTPA claims by assignment." *See PPG,* 146 S.W.3d at 110. Because we conclude the Todds failed to raise a genuine issue of fact with respect to the issues of habitability and unconscionable action, we do not address the legal viability of their claims as subsequent purchasers.