Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-07-00091-CV

Gregory Kinney and Marsha **KINNEY**,
Appellants

v.

Floyd Ross **PALMER,** Individually and d/b/a Renaissance Homes,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-09279
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:  Karen Angelini, Justice
Concurring Opinion by:  Rebecca Simmons, Justice

Sitting:  Catherine Stone, Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:  June 25, 2008

AFFIRMED

Appellants, Gregory and Marsha Kinney, ("the Kinneys), appeal the trial court's orders

granting partial and final summary judgments.  We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In approximately 1995, Ross Palmer ("Palmer") began constructing a house for his family

by subcontracting all stages of the construction. At the time, Palmer was not in the business of

constructing houses for sale to the general public. Following completion of the house in 1996, Palmer and his family moved in and resided there for over four years. During this period, Palmer learned of and repaired several water leaks in the house. In 2000, Palmer sold the house to the Prestons, providing them with a Seller's Disclosure of Property Condition Notice that disclosed the prior leaks. The Prestons remained in the house for two years and then sold it to the Kinneys.

Some time after the Kinneys moved into the house, during particularly heavy rain falls, they discovered that the house leaked. The Kinneys did not sue the Prestons, who sold the house to them, but rather, Palmer, who, in approximately 1998, had begun constructing residential homes for sale to the general public. The procedural history follows.

| | |
|---|---|
| July 23, 2003 | The Kinneys file their First Amended Original Petition, alleging violations of the DTPA, including breach of implied warranties, misrepresentation, failure to disclose, unconscionability, and violation of one of the "tie-in" consumer statutes. |
| March 5, 2004 | Palmer files a Motion for Summary Judgment. |
| July 14, 2005 | The Kinneys file their Second Amended Original Petition, adding claims for negligent misrepresentation and fraud. |
| August 8, 2005 | The trial court grants Palmer's motion, in part, ruling that "[the Kinneys'] claims based upon breach of warranty and deceptive trade practices are dismissed with prejudice." |
| October 31, 2005 | The Kinneys file their Third Amended Original Petition, alleging solely negligence, and omitting any mention of both the DTPA claims disposed of by the partial summary judgment and their previous claims for negligent misrepresentation and fraud. |
| October 10, 2006 | Palmer files a second Motion for Summary Judgment on the Kinneys' negligence causes of action. |
| October 31, 2006 | The Kinneys file their Fourth Amended Original Petition, alleging solely negligence and omitting any mention of both the DTPA claims disposed of by the partial summary judgment and their previous claims for negligent misrepresentation and fraud. |
| November 14, 2006 | The trial court grants Palmer's motion, entering a Final Summary Judgment that dismissed the Kinneys' "remaining claim and cause of action." |

STANDARD OF REVIEW

To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of a summary judgment, we must indulge every reasonable inference and resolve any doubts in favor of the respondent. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549. In addition, we must assume all evidence favorable to the respondent is true. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d 548-49. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant has established a right to summary judgment, the burden shifts to the respondent to present evidence that would raise a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

## DISCUSSION

The Kinneys raise the following issues on appeal: 1) the trial court erred in granting the partial summary judgment as to breach of implied warranties and DTPA; and 2) the trial court erred in granting the final summary judgment as to negligence. However, before reaching these issues, we first address the effect of the Kinneys' Fourth Amended Original Petition on their claims, and hence, this appeal.

> *1. Can the Kinneys appeal the trial court's order granting Partial Summary Judgment as to their claims for Breach of Implied Warranties and DTPA when these claims were not alleged in the Kinneys' Fourth Amended Original Petition?*

When the trial court ruled on Palmer's motion for summary judgment, the Kinneys' Second Amended Petition constituted the live pleading. Although this pleading asserted claims for breach

of warranties and violations of the DTPA, as well as negligent misrepresentation and fraud, the trial court ruled only on the breach of warranties and deceptive trade practices claims. However, after the partial summary judgment was granted, the Kinneys amended their petition twice, and alleged solely negligence in their third and fourth amended original petitions. They now seek to appeal the trial court's order granting Palmer partial summary judgment as to the claims alleged in their Second Amended Original Petition.

### Texas Rule of Civil Procedure 65

An amended petition adds to or withdraws from that which was previously pleaded to correct or to plead new matter, and completely replaces and supersedes the previous pleading. TEX. R. CIV. P. 62; *J.M. Huber Corp. v. Santa Fe Energy Res., Inc.*, 871 S.W.2d 842, 844 (Tex. App.–Houston [14th Dist.] 1994, writ denied). Once a pleading is amended and filed, all prior petitions are superseded and the previous pleading "shall no longer be regarded as a part of the pleading in the record of the cause." TEX. R. CIV. P. 65; *see also Bennett v. Wood County*, 200 S.W.3d 239, 241 (Tex. App.–Tyler 2006, no pet.). Thus, an amended petition which omits causes of action previously alleged serves to dismiss these claims from the amended pleading. *J.M. Huber Corp.*, 871 S.W.2d at 844 (citing *Radelow-Gittens Real Prop. Mgmt. v. Pamex Foods*, 735 S.W.2d 558, 559-60 (Tex. App.–Dallas 1987, writ ref'd n.r.e.) (upholding summary judgment in favor of defendant where amended petition contained no claims against defendant)).

An exception to the rule that all prior petitions are superseded by the amended pleading provides that "some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be

necessary to look to the superseded pleading upon a question of limitation." TEX. R. CIV. P. 65; *see also Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (reversing summary judgment on a superseded petition). However, the parties do not contend that such an exception applies here. Thus, [ ] the Kinneys' Second Amended Original Petition was not the live pleading at the time of the trial court's entry of its final summary judgment, [having been superseded by the Kinneys' Fourth Amended Original Petition]; therefore, it cannot be regarded as part of the record of the cause. *See* TEX. R. CIV. P. 63, 65; *id.; see also Sosa*, 909 S.W.2d at 895; *Randolph v. Walker*, 29 S.W.3d 271, 275 (Tex. App.–Houston [14th Dist.] 2000, pet. denied)(holding that a viable complaint on appeal is lost when, following an allegedly erroneous ruling by the trial court on a claim, the plaintiff files an amended pleading abandoning the claim upon which the trial court ruled).

Thus, by amending their pleading and eliminating the DTPA, negligent misrepresentation, and fraud references, the Kinneys abandoned those claims and have waived any error concerning the trial court's action in granting Palmer's motion for partial summary judgment as to these claims. *See* TEX. R. CIV. P. 65; *see also Akin v. Santa Clara Land Co., Ltd.*, 34 S.W.3d 334, 339 (Tex. App.–San Antonio 2000, pet. denied); *Randolph*, 29 S.W.3d at 274-75.

Accordingly, the Kinneys' first issue is denied. We turn now to the Kinneys' remaining issue.

*2. Final Summary Judgment as to Negligence*

The Kinneys' Fourth Amended Original Petition alleged that Palmer's negligent construction, negligent supervision of the construction, and negligent inspection of the construction of the residence made the subject of their lawsuit were the proximate cause of the Kinneys' damages. In his motion, Palmer argued that he was entitled to summary judgment on the Kinneys' negligence

cause of action based on the following: (1) the Residential Construction Liability Act ("RCLA") is the exclusive remedy for the recovery of damages arising from residential construction defects and Palmer was not a "contractor" under the Act; (2) Palmer, as the builder of his own home, owed no duty to the Kinneys; (3) the "economic loss rule" bars the Kinneys' recovery under the theory of negligence; and (4) Texas does not recognize a cause of action for negligent infliction of mental anguish; alternatively, the Kinneys have not suffered compensable mental anguish.[1]

The Kinneys assert that the trial court erred in granting the final summary judgment as to their negligence claims because the RCLA does not conflict with or bar such an action. The Kinneys further argue that the "trial court compound[ed] its error by depending upon its erroneous Partial Summary Judgment to support its Final Summary Judgment." However, given our previous finding that the Kinneys have waived issues with respect to the partial summary judgment, we decline to address this later argument.

*Texas Residential Construction Liability Act*

The RCLA applies to "(1) any action to recover damages or other relief arising from a construction defect, except a claim for personal injury, survival, or wrongful death or for damage to goods; **and** (2) any subsequent purchaser of a residence who files a claim against a contractor." TEX. PROP. CODE ANN. § 27.002(a) (Vernon Supp. 2007) (emphasis added); *Perry Homes v. Alwattari*, 33 S.W.3d 376, 381-82 (Tex. App.—Fort Worth 2000, pet. denied). The statute defines a "contractor" as follows:

> (i)  a builder, as defined by Section 401.003, contracting with an owner for the construction or repair of a new residence, for the repair or alteration of or an addition

---

[1]The Kinneys subsequently withdrew their allegations of mental anguish for property damage.

to an existing residence, or for the construction, sale, alteration, addition, or repair of an appurtenance to a new or existing residence;

(ii)  any person contracting with a purchaser for the sale of a new residence constructed by or on behalf of that person; or

(iii)  a person contracting with an owner or the developer of a condominium for the construction of a new residence, for an alteration of or an addition to an existing residence, for repair of a new or existing residence, or for the construction, sale, alteration, addition, or repair of an appurtenance to a new or existing residence; and . . . includes:

(i)  an owner, officer, director, shareholder, partner, or employee of the contractor; and

(ii) a risk retention group registered under Article 21.54, Insurance Code, that insures all or any part of a contractor's liability for the cost to repair a residential construction defect.

TEX. PROP. CODE ANN. § 27.001(2)(5)(A)-(B) (Vernon Supp. 2007).  "Builder" is further defined

as the following:

[A]ny person who, for a fixed price, commission, fee, wage, or other compensation, sells, constructs, or supervises or manages the construction of, or contracts for the construction of or the supervision or management of the construction of:

(1) a new home;

(2) a material improvement to a home, other than an improvement solely to replace or repair a roof of an existing home; or

(3) an improvement to the interior of an existing home when the cost of the work exceeds $10,000.

TEX. PROP. CODE ANN. § 401.003(a) (Vernon Supp. 2007).

Here, although Palmer "built" the house in question, he does not fall within the statutory definition of "contractor" because he did not contract with either the Prestons or the Kinneys for the "construction or repair of a new residence, for the repair or alteration of or an addition to an existing residence, or for the construction, sale, alteration, addition, or repair of an appurtenance to a new or existing residence." *See* § 27.001(5). Further, Palmer did not contract with the Prestons or the Kinneys "for the sale of a new residence constructed by or on behalf of that person." *See id.*

However, the RCLA does not create a cause of action, but only preempts a cause of action if a conflict arises between the RCLA and any other law, including the DTPA or a common law cause of action. *See* § 27.005; *Sanders v. Constr. Equity, Inc.*, 42 S.W.3d 364, 370 (Tex. App.—Beaumont 2001, pet. denied). In this case, there is no conflict; the RCLA simply does not apply because the statute requires both an "(1) . . . action to recover damages or other relief arising from a construction defect, . . . ; **and** (2) any subsequent purchaser of a residence who files a claim against a contractor." § 27.002(a). Having determined that the RCLA is inapplicable here, we turn now to the Kinneys' negligence cause of action.

*Negligence*

To prevail on their negligence claim, the Kinneys were required to show that (1) Palmer owed them a duty, (2) Palmer breached his duty, (3) Palmer's breach proximately caused their injuries, and (4) damages resulted from this breach. *See Mission Petroleum Carriers, Inc. v. Solomon,* 106 S.W.3d 705, 710 (Tex. 2003). The Kinneys maintain that Palmer's "duty of reasonable construction" arose, not when he built the house, but rather when he sold it to the Prestons, who, in turn, sold it to the Kinneys.

However, to date, no Texas case has held that a person, not in the business of constructing homes for sale to the general public, who builds a home for himself, owes a duty to subsequent purchasers of the house. The existence of a legal duty is a question of law. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 351 (Tex. 1995). Prior cases alleging negligent construction have involved "builder-vendors," defined in *Humber v. Morton*, as one "in the business of building or assembling houses designed for dwelling purposes" and upon completion, sold "to members of the house-buying public." *Humber v. Morton*, 426 S.W.2d 554, 555 (Tex. 1968); *see also Gupta v.*

*Ritter Homes, Inc.*, 646 S.W.2d 168, 170 (Tex. 1983). Indeed, in *Gupta,* the court of appeals permitted a subsequent purchaser to sue a homebuilder for negligence, finding that "a homebuilder contemplates sales of the home beyond the initial purchaser and . . . owes a duty to exercise ordinary care in the construction of the home." *Gupta v. Ritter Homes, Inc*., 633 S.W.2d 626, 628 (Tex. App.–Houston [14th Dist.] 1982), *aff'd in part, rev'd in part on other grounds*, 646 S.W.2d 168 (Tex. 1983).

Here Palmer built the house for himself and his family. No evidence was presented that prior to or during the construction of the house Palmer was engaged in the business of building houses for sale to the general public or that he contemplated anything other than building a house for himself. We fail to see, under these specific facts, how Palmer would owe a duty to [subsequent purchasers] to have exercised ordinary care [ ] in the construction of a house he built for himself.

Accordingly, the trial court did not abuse its discretion in granting Palmer summary judgment as to the Kinneys' claim for negligence.

## CONCLUSION

Finding no error, we affirm the trial court's judgment.

Karen Angelini, Justice