FILED
15-0512
12/1/2015 11:01:00 AM
tex-8028409
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# NO. 15-0512

## IN THE SUPREME COURT OF TEXAS

**TERRACON CONSULTANTS, INC.,** *f/k/a* **HBC ENBGINEERING, INC.,**
*Petitioner*

**Vs.**

**USA WALNUT CREEK, DST,**
*Respondent*

On appeal from the Thirteenth Court of Appeals
Corpus Christi, Texas
Trial Court No. D-1-GN-13-000656; Court of Appeals No. 13-13-00194

## RESPONSE TO PETITION FOR REVIEW

Joseph G. Chumlea
SBN 04241500
jchumlea@shackelfordlaw.net
Mark S. McQuality
SBN 13849500
mmcquality@shackelfordlaw.net

SHACKELFORD, MELTON, MCKINLEY & NORTON, LLP
9201 North Central Expressway, Fourth Floor
Dallas, Texas 75231
Telephone:  214/780-1436
Facsimile:   214/780-1401

Attorneys for USA Walnut Creek, DST

- 1 -

# TABLE OF CONTENTS

Index of Authorities………………………………………………………..ii

Statement of Facts……………………………………………………………1

Summary of the Argument…………………………………………………4

Argument and Authorities…………………………………………………….5

    The court of appeals correctly applied the standard of review
    by addressing the duty issue that Terracon's Motion raised, *i.e.,*
    whether the recognized duty not to injure the property of a third
    party while performing a contract was qualified in this case
    under the rationale of the *Vernooy* case………………………….5

    The court of appeals correctly determined that Walnut Creek
    submitted evidence showing Terracon owed a duty not to injure
    its property. Case law supports this ruling and demonstrates
    that Walnut Creek's status as a subsequent owner has no
    bearing on the scope of Terracon's recognized duty………………10

Request for Relief……………………………………………………………14

Word Count Certificate…………………………………………………...14

Certificate of Service…………………………………………………...15

# INDEX OF AUTHORITIES

Cases

*Black+Vernooy Architects v. Smith*,
   346 S.W.3d 877 (Tex. App. – Austin, 2011, pet. denied) (en banc)...3,4,5,6,7,8,9

*Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*,
   445 S.W.3d 716 (Tex. 2014)……………………………………………...7, 11

*City of Alton v. Sharyland Water Supply Corp.*,
   402 S.W.3d 867 (Tex. App. - Corpus Christi 2013, pet. denied)................. 11, 12

*Goose Creek Consol. Indep. Sch. Dist. v. Jarrar's Plumbing*,
   74 S.W.3d 486, 494 (Tex. App. – Texarkana 2002, pet. denied)…………..11, 12

*Gupta v. Ritter Homes, Inc.*,
   633 S.W.2d 626 Tex. App. – Houston [14th Dist.] 1982, *aff'd in part,
   rev'd in part on other grounds*, 646 S.W.2d 168 (Tex. 1983)……………..11, 12

*Gupta v. Ritter Homes, Inc.*, 646 S.W.2d 168 (Tex. 1983)………………………13

*Humber v. Morton*,
   426 S.W.2d 554 (Tex.1968) ............................................................................13

*Sharyland Water Supply Corp. v. Alton*, 354 S.W.3d 407 (Tex. 2011)……………7

*Thompson v. Espey Huston & Assoc.*,
   899 S.W.2d 415 (Tex. App. – Austin 1995, no writ)………………………11, 12

*Zbranek Custom Homes, Ltd. v. Allbaugh*,
   No. 03-14-00131-CV, 2015 WL 6831336 (Tex. App. – Austin
   November 3, 2015, no pet.) ..................................................................... 11, 12

**STATEMENT OF FACTS**

1.      This case involves significant foundation and other defects at "The Reserve At Walnut Creek Apartments" (the Project). The Project consists of twelve residential buildings with 284 individual units, located on 14 acres in Austin. (CR 282, 664.) Walnut Creek, DST (Walnut Creek) purchased the Project from Creekstone Walnut, L.P. in 2005. (CR 868-75.)

2.      Creekstone Walnut, LP contracted with its affiliated entity, Creekstone Builders, Inc., to construct the Project in 2001. (CR 437-38, and 467-78.) Creekstone Builders, Inc. subcontracted with Terracon (then known as HBC Engineering, Inc.) to perform: (a) geotechnical engineering, including recommendations for site and subgrade preparation, and for foundation design and construction (CR 338-349); and, (b) materials-inspection and testing services for the Project under two contracts, including construction materials inspection-and-testing services and compaction tests on earthwork (CR 397-429).

3.      Walnut Creek's engineering expert identified numerous acts of negligence committed by Terracon in its work which caused the physical property damage to Walnut Creek's buildings. (CR 635-649 and 651-708). The evidence proving Terracon's negligence and the resulting damage it caused is described in detail in the court of appeals' Memorandum Opinion at pages 3, at n. 4, and 12-17.

1

4.     The physical damage to the buildings was not disputed by Terracon. (CR 712-28 and pp. 734-95; *see also* Holt Engineering report, CR 797-807.)  A construction expert testified that the reasonable and necessary cost to repair the damage to the buildings was approximately $6 million.  (CR 836-66.)

5.     Contrary to Terracon's unsupported statement, Walnut Creek did not sue the subcontractor, Terracon, "to recover for *negligent* performance of the subcontractor's contractual obligations owed to the *builder*, Creekstone."  Pet. for Rev., p. 1 (emphasis in original).  Instead, Walnut Creek's pleadings stated it was suing Terracon for breaching negligence duties owed to Walnut Creek:

> "Terracon, by its actions described hereinabove, breached the duties it owed to Plaintiff [Walnut Creek] and proximately caused Plaintiff to suffer substantial property damage, direct damages and consequential damages, for all of which Plaintiff sues."
> (CR 195.)

6.     Also, contrary to Terracon's unsupported statements, the trial court's order granting summary judgment and the Final Judgment do not articulate or express any conclusions about Terracon's duties under its subcontract with the builder, or its reasons for entering the take-nothing judgment against Walnut Creek.  Pet. for Rev., p. 2; *see* CR 876.

7.     Finally, Terracon misstates (and, instead, argues) that the court of appeals "concluded that the trial court erred …because subcontractors owe a duty

2

to use reasonable care under negligence law when performing construction-related contracts, and that this duty is owed to future purchasers. Memo. Op. at 9-11." Pet. for Rev., p. 3. Terracon also misstates that, per the court of appeals' opinion, "by virtue of the builder-subcontractor agreement, a tort duty arose, and that duty is owed to future purchasers of the property although the future purchasers were not privy to the original contract. *See* Memo. Op. at 9-11." (*Id.*) The cited discussion (at Memo. Op. pp. 9-11) states nothing of the kind. Instead, the named pages discuss the *Black+Vernooy Architects v. Smith* case, the distinctions between the facts, legal claims and holding in that case versus the facts and claims in this case, and focus on Terracon's duty not to injure Walnut Creek's property in performing its contract with the builder. Memo. Op. pp. 9-11, citing *Black+Vernooy Architects v. Smith*, 346 S.W.3d 877 (Tex. App. – Austin, 2011, pet. denied) (en banc).

## SUMMARY OF THE ARGUMENT

Procedurally, the court of appeals correctly addressed the duty issue raised by Terracon's motion for summary judgment, *i.e.*, whether the duty not to injure a third party's property in performing a contract was qualified in this case by the "no-right-to-control-construction" issue under the *Vernooy* case. (In *Vernooy* the architect did not design the faulty balcony that injured the plaintiff or control its construction, whereas, Terracon designed the soil parameters for the foundations which caused damage to Walnut Creek's property.) Terracon's Petition for Review omits this significant detail. By properly applying the summary-judgment standard of review to the issue presented by the motion, the court of appeals fully addressed the duty question that Terracon's motion actually raised.

Substantively, the court of appeals correctly applied negligence law to Terracon's no-evidence motion on the tort-duty issue. The court of appeals determined Walnut Creek proved that Terracon's negligence in performing its contract with the builder caused damage to Walnut Creek's property. Terracon's motion for summary judgment admitted the existence of its duty not to negligently damage the property of a third party in performing its contract obligations. Walnut Creek, as the owner of property damaged by Terracon's negligence, is plainly within the scope of persons who are protected by this admitted duty. Accordingly, the Petition for Review should be denied.

4

## ARGUMENT AND AUTHORITIES

**1. The court of appeals correctly applied the standard of review by addressing the duty issue that Terracon's Motion raised, *i.e.*, whether the recognized duty not to injure the property of a third party while performing a contract was qualified in this case under the rationale of the *Vernooy* case.**

There was no "strange analytical path" to the court of appeals' reasoning, as Terracon argues. The court of appeals analyzed the duty issue as presented in Terracon's motion for summary judgment (the Motion) under the proper standard of review. While Terracon's Petition for Review identifies isolated statements from the Motion where it mentioned the duty owed in this case – thereby suggesting it had raised a broad no-evidence duty challenge in the trial court – it does not put any of those statements in context. Upon examination, all the statements are from those pages of the Motion where Terracon admitted its duty not to injure a third person's property while performing its contract, but, nevertheless, sought to qualify that duty in this case by claiming there was no evidence it controlled the construction, per the rationale of the *Vernooy* case. (CR 243-245; *Black+Vernooy Architects v. Smith*, 346 S.W.3d 877, 885 (Tex. App. – Austin 2011, pet. denied) (en banc).) And that is precisely how the court of appeals analyzed the case – it noted the admitted duty not to injure a third party's property and proceeded to evaluate whether Terracon's conduct resembled that of the architect's in *Vernooy*. It determined there was no resemblance because

Terracon actually designed the faulty foundation soil parameters which subsequently caused damage to Walnut Creek's property, whereas the architect in *Vernooy* did not design the faulty balcony that injured the plaintiff, and, otherwise, did not control the conduct of those who built it. *See* Memo. Op. at pp. 9-10.

Terracon's Petition for Review paints with a broad brush, but with very thin material. It first argues that a plaintiff responding to a no-evidence motion for summary judgment "must present some evidence that the defendant owed the plaintiff a duty, the duty was breached, and damages were caused by the breach." Pet. for Rev., p. 5. But the court of appeals' decision identifies and describes how Walnut Creek proved Terracon negligently performed its engineering services for the builder and, in so doing, damaged Walnut Creek's property which caused Walnut Creek to suffer financial injury. Terracon's Petition for Review next argues that the court of appeals did not fully address the question of whether it owed Walnut Creek a duty. But the Memorandum Opinion devotes over five pages explaining the law on tort duty in the context of contractual performance and discussing (and distinguishing) the limited qualifier to this duty under the *Vernooy* case that Terracon raised in its Motion. Memo. Op. pp. 6-11. The court's decision also devoted over eight pages discussing the evidence proving that Terracon breached its duty and caused financial injury to Walnut Creek (which Terracon's Petition for Review does not challenge). *Id.*, pp. 11-19.

6

The court of appeals' Memorandum Opinion begins with a discussion of the applicable law on the tort duty that may arise from contractual performance. Memo. Op. p. 6. Citing the decisions in *Sharyland Water Supply Corp. v. Alton* and *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, the court of appeals correctly observed that "a common law duty also exists to use reasonable care in performing the terms of the contract without injuring property that belongs to non-contracting parties." Memo. Op., p. 6, citing *Sharyland Water Supply Corp. v. Alton*, 354 S.W.3d 407 (Tex. 2011), and *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716 (Tex. 2014).

Turning to the Motion in this case, the court observed that Terracon recognized and admitted this same duty, but sought to qualify it under the *Vernooy* case because "[a] duty created by contract does not inure to the benefit of the public at large." Memo. Op., p. 8, citing *Vernooy*, 346 S.W.3d at 885. The court noted that, "[r]elying on *Vernooy*, Terracon argued that it owed no contractual or common law duty to appellant because, as in *Vernooy*, it 'had no right to control the construction in this case and in fact, the construction was controlled by the [builder parties] who were both general contractor and owner.'" Memo. Op. p. 8.

Terracon's Motion, indeed, was specific about the duty being challenged. It devoted more than two-and-one-half pages presenting and explaining in detail the duty element it was challenging (compared to the two sentences challenging the

breach and causation/damages elements). (CR 243-245 ¶¶ 10-14.) Terracon argued that while it owed a duty to exercise reasonable care not to injure others' property by the performance of its contracts with the builder, its duty was qualified under the circumstances in this case because there was no evidence it controlled the construction so as to impose a duty to all users of the property under the rationale of the *Vernooy* case. (CR 243-245 ¶¶ 11-14.) Terracon explained:

> "While the *Smith* [*i.e., Vernooy*] plaintiffs argued that foreseeability and the likelihood of injury weighed in favor of the creation of a duty, the Austin Court [in *Vernooy*] held that the 'right to control' considerations weighed against the creation of a duty. As in [*Vernooy*], Terracon had no right to control the construction in this case and in fact, the construction was controlled by the Creekstone Defendants who were both general contractor and owner. *Under such circumstances*, the consequences of placing a burden on professionals owed to third parties would be significant and unwarranted. …The Plaintiff has asked Terracon to be held to a similar standard in this matter, and *such a duty* is not recognized by Texas law." (*Id.* at ¶ 14, CR 245 (emphasis added).)

Terracon's Motion then specified that "[a] tort duty in favor of Plaintiff in this matter under *these circumstances* has not been recognized by Texas law." (*Id.* (emphasis added).) Terracon's Motion plainly specified that "*such a duty*" and "*under these circumstances*" meant the right-of-control issue under *Vernooy*. (*Id.*)

8

As the court of appeals observed, Walnut Creek replied to the Motion by arguing that Terracon owed an independent tort duty to use reasonable care to not injure its property even though Terracon was not contractually obligated to Walnut Creek. (Memo. Op., p. 9.) Walnut Creek responded with evidence showing that, unlike the architect in *Vernooy*, Terracon actually designed the faulty soil requirements for the buildings' foundations; that it owed a duty not to thereby injure the property of third parties such as Walnut Creek; and that Terracon's negligent design caused damage to Walnut Creek's apartment buildings. (CR 282-307, specifically, *e.g.*, CR 295-301.)

The court of appeals properly concluded: "appellant is not suing Terracon for failing to supervise a third-party builder as did the plaintiffs in *Vernooy.* Appellant is alleging that Terracon committed negligence in its performance of its duties under Terracon's contract with the Creekstone Defendants. So, whether Terracon controlled the construction of the buildings has no bearing on whether it negligently designed or created the defects which have damaged appellant's apartment complex because appellant is alleging that Terracon itself has committed a negligent act or omission." Memo. Op. at pp. 10-11. The court of appeals also correctly determined that Walnut Creek offered evidence demonstrating that Terracon had designed the engineered soil requirements for the failing apartment buildings and had an independent duty not to injure *anyone's* property by its actual

9

conduct, thereby proving Terracon's negligence and that the qualified duty-rule in *Vernooy* was not applicable. The Petition for Review should be denied.

2. **The court of appeals correctly determined that Walnut Creek submitted evidence showing Terracon owed a duty not to injure its property. Case law supports this ruling and demonstrates that Walnut Creek's status as a subsequent owner has no bearing on the scope of Terracon's recognized duty.**

Terracon admitted that under Texas law "a contract can be the basis for imposing a duty recognized in tort," and, "[a] party is under a duty to act with reasonable skill and diligence in performing the contract so as not to injure a person or property by its performance[.]" (CR 243; Memo. Op., p. 8.) The court of appeals credited Walnut Creek, as the non-movant, with the evidence submitted in its Response which proved Terracon had performed numerous negligent acts related to the design and construction of the foundations under its contracts with the Creekstone Defendants, and damage had occurred to multiple buildings due to those acts and omissions. (Memo. Op., p. 9.)

The existence and scope of this duty as applicable to Terracon is beyond question. Nevertheless, Terracon incorrectly claims the court of appeals imposed a new common-law duty not previously recognized by Texas law. This argument has no support in the facts or law.

This is the scope of persons who are protected by the duty which Terracon admits exists in this case:

10

- "the negligent performance of a contract that proximately injures *a non-contracting party's property or person* states a negligence claim," *Chapman*, 445 S.W.3d at 717 (emphasis added);

- "One who undertakes to perform a contract assumes a duty *to all persons* to take reasonable care not to injure them or their property in the performance of that contract, and *one who is not privy to the contract* may assert a claim for negligence for a breach of that duty." *City of Alton v. Sharyland Water Supply Corp.*, 402 S.W.3d 867, 880 (Tex. App. – Corpus Christi 2013, pet. denied) (emphasis added; herein, "*Sharyland II*") (quoting *Goose Creek Consol. Indep. Sch. Dist. v. Jarrar's Plumbing,* 74 S.W.3d 486, 494 (Tex. App. – Texarkana 2002, pet. denied), citing *Thompson v. Espey Huston & Assoc.*, 899 S.W.2d 415, 421 (Tex. App. – Austin 1995, no writ))

- A builder owes a duty to renters of a home whose personal property was damaged due to a defective fireplace built by defendant under its contract with the owner of the home. *Zbranek Custom Homes, Ltd. v. Allbaugh*, No. 03-14-00131-CV, 2015 WL 6831336 (Tex. App. – Austin November 3, 2015, no pet.)(mem. op.), citing *Gupta v. Ritter Homes, Inc.*, 633 S.W.2d 626, 628 (Tex. App. – Houston [14th Dist.] 1982, *aff'd in part, rev'd in part on other grounds*, 646 S.W.2d 168 (Tex. 1983) (builder owes duty of ordinary care in construction of home, duty is not limited to first purchaser

11

of home but extends to subsequent purchasers, and privity of contract is not required).

The tort duty described in *Chapman*, *Sharyland II, Goose Creek*, *Zbranek*, and *Gupta* is not limited to only "contracting parties," or "all existing persons," or to "persons who owned the property when the contract performance occurred." The duty extends to "a non-contracting party" (*Chapman*); to "all persons" who are injured in their person or property by the contractor's negligence (*Sharyland II* and *Goose Creek*); and to "renters" and "subsequent purchasers" (*Zbranek* and *Gupta*). Accordingly, Walnut Creek produced evidence proving it falls within the class of "non-contracting parties," "subsequent purchaser," and "all persons …injure[d]" in "their property in the performance of [Terracon's] contract," to whom, as a matter of law, Terracon owed a duty under the rationale of the *Chapman, Sharyland II, Goose Creek, Zbranek* and *Gupta* cases.

Walnut Creek's proof showed the existence of latent defects in Terracon's soils-engineering services. These latent defects were literally buried in the ground and the evidence showed they did not become manifest until the buildings started to move and crack several years later, causing physical damage after Walnut Creek had purchased and owned the apartment Project. In the context of who foreseeably might be harmed by such latent negligent defects, this Court has held: "As between the builder and owner, it matters not whether there has been an intervening owner.

12

The effect of the latent defect on the subsequent owner is just as great as on the original buyer and the builder is no more able to justify his improper work as to a subsequent owner than to the original buyer." *Gupta v. Ritter Homes, Inc.*, 646 S.W.2d 168, 169 (Tex. 1983) (citing in support *Humber v. Morton,* 426 S.W.2d 554 (Tex.1968)).

Terracon produced no authority to support its argument to limit the scope of duty in this case. Accordingly, the court of appeals properly determined that Walnut Creek's evidence established a breach of a recognized tort duty owed by Terracon in this case, which is neither novel or new, and which includes Walnut Creek in its capacity as the owner of property damaged by Terracon's negligence.

## REQUEST FOR RELIEF

Walnut Creek DST respectfully requests that Terracon Consultants, Inc.'s Petition for Review be, in all things, denied.

Respectfully submitted,

**Shackelford, Melton, McKinley &**
    **Norton, LLP**
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219
Telephone: 214/780-1436
Facsimile: 214/780-1401

By    /s/ *Joe Chumlea*
       JOSEPH G. CHUMLEA
       SBN 04241500
       jchumlea@shackelfordlaw.net
       MARK S. McQUALITY
       SBN 13849500
       mmcquality@shackelfordlaw.net

## WORD COUNT CERTIFICATE

I certify that the total word count for the contents of this Response required to be included under Rule 9.4(i)(2)(D), TEX. R. APP. PROC., based on the Word 2013 program utility, is 2,885 words.

       */s/ Joe Chumlea*
       JOSEPH G. CHUMLEA

14

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on the following as indicated below on December 1, 2015 via electronic filing:

William S. Rhea
DuBois Bryant & Campbell, LLP
700 Lavaca Street, Suite 1300
Austin, Texas 78701

David M. Medina
The Medina Law Firm
5300 Memorial Dr., Suite 89
Houston, Texas 77007

Timothy A. Hootman
2402 Pease St.
Houston, Texas 77003

*/s/ Joe Chumlea*
JOSEPH G. CHUMLEA